David B. CHARNEY, Allen J. Kraft, Harris J. Klein and Charles N. Maybruck, Plaintiffs-Appellants,

v.

Donald D. THOMAS, Ira A. Lutz and Lloyd Gibson, Defendants-Appellees.

No. 16783.

United States Court of Appeals Sixth Circuit.

Feb. 17, 1967.

Robert E. Scher, New York City, for appellants, Simons & Simons, Detroit, Mich., on the brief, Raphael, Searles & Vischi, New York City, of counsel.

A. Albert Sugar, James Tracy, Philip J. Neudeck, Detroit, Mich., for appellees, Dykema, Wheat, Spencer, Goodnow & Trigg, Detroit, Mich., on the brief, for Ira A. Lutz, Sugar & Schwartz, Detroit, Mich., on the brief for Donald D. Thomas.

Before WEICK, Chief Judge and CELEBREZZE and PECK, Circuit Judges.

WEICK, Chief Judge.

In August, 1959, the plaintiffs purchased 78,000 shares of common stock in the Clinton Engines Corporation, a Michigan corporation, from the defendants. Shortly thereafter plaintiffs added to their Clinton holdings by purchasing approximately 21,000 additional shares on the open market. These purchases followed a protracted period of financial investigation and negotiations during which the defendants, who were operating officers of the corporation as well as controlling shareholders, delivered financial statements of the corporation to the plaintiffs and discussed the potential profitability of its future business.

Plaintiffs claim that thereafter, in September, 1961, in the course of an investigation conducted by the Securities and Exchange Commission relative to a proposed public offering of Clinton Engines stock, it was discovered that the defendants, while negotiating for sale of their stock to plaintiffs, had overstated the inventory of the Maquoketa plant by at least $700,000 despite the fact that the shortage had been brought to their attention by their employees previous to the sale. The revelation of the inventory shortages is claimed to have caused a sharp drop in the price of Clinton stock to reflect its true value.

In February, 1964, the plaintiffs filed suit to recover money damages for the alleged fraudulent misrepresentations of defendants. Jurisdiction was based on diversity of citizenship and on the Securities & Exchange Act of 1934.[1]

◼ The District Court granted defendants' motion to dismiss the complaint on the ground that the Michigan "Blue Sky Law," M.S.A. § 19.756, Comp.Laws 1948, § 451.116, granted the sole remedy for fraud in the sale of securities in that state and therefore the suit was barred by the two-year statute of limitations of that section. In addition, the District Court ruled that that same statute of limitations barred any claim under section 10 of the Securities Exchange Act, 15 U.S.C. § 78j (1964). The District Court then denied plaintiffs' motion to amend the complaint by adding a fifth substantive count which alleged fraud in the sale of "control" of Clinton Engines.

The District Court's dismissal was predicated on a line of Michigan cases interpreting section 20 of the Michigan Blue Sky Law, M.S.A. § 19.760, Comp. Laws 1948, § 451.120, since there are apparently no cases decided involving the exclusivity of the fraud section, section 16, M.S.A. § 19.756.[2]

These cases, which involved rescission of securities transactions, seemed to support the conclusion reached by the District Court that the sole remedy for securities fraud lay under the Blue Sky Law with its short period of limitations. However, since the date of the District Court's dismissal, the Supreme Court of Michigan in Detwiler v. Glavin, 377 Mich. 1, 138 N.W.2d 336 (1965) has held that a defrauded purchaser has his choice of remedies. He may proceed with his action for rescission under sec-

---

1. 15 U.S.C. §§ 78j(b) and 78aa.

2. Barth v. Klicpera, 248 Mich. 460, 227 N.W. 757 (1929); Wickstrand v. Nelson, 273 Mich. 393, 263 N.W. 404 (1935).

This problem of statutory interpretation will apparently not recur in Michigan because of the repeal of the provisions of the Blue Sky Law discussed here, and the adoption of the Uniform Securities Act, effective January 1, 1965. That statute, M.S.A. § 19.776 (410) (h) Comp. Laws 1948, § 451.810(h) [P.A.1964, Act No. 265] provides for the preservation of rights and remedies existing at law or equity in addition to any created by the civil liability section of the law.

tion 20, or he may pursue his rights under the common law.

In *Detwiler*, Justice O'Hara said that the purpose of the Blue Sky Law, "* * * was not to deprive plaintiffs of an existing cause of action, but to create a statutory remedy for those to whom sales were made in violation of the act." (Id. p. 339).

In the same case Justice Adams said that he agreed with Justice O'Hara that "the plaintiffs had at their option two causes of action—one under the statute and the other at common law—neither one of which is exclusive." The Court was unanimous on that point. We thus hold that the present action is governed in its entirety by the six-year statute of limitations contained in M.S.A. § 27A.-5813, Comp.Laws 1948, § 600.5813 [P.A. 1961, Act No. 236].

Although defendants seek to distinguish the *Detwiler* case on the ground that it decided only the question of the exclusiveness of section 20, we can find no reason to differentiate between section 20 and section 16 as to exclusivity. Section 20 provides a remedy for rescission for violation of the Blue Sky Law, while section 16 provides for an action for damages for fraudulent security transactions. Indeed, the rescission remedy granted in section 20 actually refers back to section 16 when it speaks of contracts or sales "made contrary to *any* provision of this act" (emphasis added).

Further, the facts in *Detwiler*, involving allegedly false statements are quite similar to those in the case at bar, except for the remedy pursued. It does not seem that the Michigan Supreme Court thought that the claim there was barred by section 16 any more than by section 20, when it stated that the common law action for fraud was not abrogated by the statute. Certainly it would be incongruous to hold that a defrauded purchaser of securities had a choice of remedies if he brought an action for rescission, but if he sued for damages he would lose his common law remedy.

A comparison of section 16 with the traditional common law action for fraud buttresses the Michigan Supreme Court's conclusion that the legislature intended to present the plaintiff with a choice of actions. Under section 16, which was amended in 1935 to follow closely section 12 of the Securities Act of 1933, 15 U.S.C. § 77l, the plaintiff is not required to prove scienter. Rather, the defendant must shoulder the burden of proving that he did not, or could not with reasonable care, know of the alleged untruth or omission. However, this advantage under the statute is tempered by the relatively short statute of limitations.

■■ Thus, the legislature may have meant to provide a potential plaintiff with a choice between the statutory action with its short limitation period and the more difficult to prove common law action with its longer limitation period as a compensation. This conclusion is all the more likely in view of the traditional maxim that statutes in derogation of the common law must be construed narrowly. Because of the remedial nature of the Blue Sky Law, it should be taken to provide an added course of action for the defrauded plaintiff, rather than the only one.

■ Appellees argued that *Wickstrand* and *Barth* were not called to the attention of the Michigan Supreme Court in *Detwiler*, nor was section 16 cited to the Court in the briefs of counsel. We cannot assume that the Court was not familiar with its own decisions, or with section 16. In any event, in a diversity case we are bound by the latest pronouncements of a state Supreme Court.

■■ The period of limitations applicable to plaintiffs' federal claim under the Securities Exchange Act of 1934 must likewise be determined by reference to Michigan law since none is provided by the Act. Campbell v. City of Haverhill, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280 (1895); Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241 (1906); Englander Motors, Inc. v. Ford Motor Co., 293 F.2d 802 (6th Cir. 1961).

In such cases the Federal Courts must choose among the several state statutes of limitation and apply that one which best effectuates the federal policy at issue. International Union, United Automobile, etc., Workers, AFL-CIO v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966).

While several courts have considered the question of a limitation period for federal securities fraud actions under section 10(b), none has applied the provisions of the local Blue Sky Law in this regard. Janigan v. Taylor, 344 F.2d 781 (1st Cir. 1965); Fratt v. Robinson, 203 F.2d 627, 37 A.L.R.2d 636 (9th Cir. 1953); Azalea Meats, Inc. v. Muscat, 246 F.Supp. 780 (S.D.Fla.1965); Connelly v. Balkwill, 174 F.Supp. 49 (N.D.Ohio 1959) aff'd 279 F.2d 685 (6th Cir. 1960).

In Fratt v. Robinson, supra, the Ninth Circuit compared the action under section 10(b) to the traditional common law fraud action and so applied the state fraud statute of limitations. This decision was followed by that Court in Errion v. Connell, 236 F.2d 447 (9th Cir. 1956).

▉ Although in some cases the local Blue Sky Law might be the more appropriate point of reference, in the present case the Michigan law contains no provision similar to section 10(b) of the federal law. Thus, the normal six-year period of M.S.A. § 27A.5813 should apply despite the fact that actions under section 10(b) are not exactly the same as common law fraud actions.

Since we hold that neither of plaintiffs' two basic claims are barred by the statute of limitations, it is unnecessary to consider whether the District Court abused its discretion in denying their motion to amend the pleadings to avoid the dismissal.

The judgment of the District Court is therefore reversed and the cause remanded for further proceedings in conformity with this opinion.