**UNITED CALIFORNIA BANK, Plaintiff-Appellee,**

v.

**Charles E. SALIK et al., Defendants-Appellants.**

**No. 72–2140.**

United States Court of Appeals, Ninth Circuit.

May 29, 1973.

As Modified on Denial of Rehearing Sept. 17, 1973.

Jack W. Crumley (argued), of Luce, Forward, Hamilton & Scripps, San Diego, Cal., Alan R. Bromberg (argued), Dallas, Tex., John C. Stiska, Michael L. Kirby, of Luce, Forward, Hamilton & Scripps, San Diego, Cal., Joel H. Pullen, of Davis, O'Connor & Pullen, San Antonio, Tex., for defendants-appellants.

William W. Vaughn (argued), Warren Cristopher, B. Boyd Hight, Jr., of O'Melveny & Myers, Los Angeles, Cal., Sullivan, Jones, Archer & Brucher, San Diego, Cal., for plaintiff-appellee.

Before HUFSTEDLER, TRASK and WALLACE, Circuit Judges.

WALLACE, Circuit Judge:

Plaintiff-appellee, United California Bank (UCB), sued in district court alleging a violation of federal securities law and a claim for breach of warranty under state law. Defendants-appellants are residents of the United States and former shareholders of the Salik Bank in Basel, A.G., a corporation organized under the laws of Switzerland.

The complaint stated that UCB had purchased the defendants' shares of stock in May, 1969, pursuant to a previously-executed purchase agreement. UCB also alleged that after August, 1970, it learned that the Salik Bank (by then, UCB-Basel) had incurred undisclosed losses of more than $40,000,000, primarily as a result of unauthorized trading in commodities. UCB claims that it was forced to discontinue operations at the Swiss bank, that UCB-Basel was insolvent and that it is now in the process of liquidation. UCB's complaint, filed February 16, 1972, attributed these results and its damages to the defendants' actions.

In the district court, the defendants moved to dismiss the complaint, arguing that the federal claim was barred by the statute of limitations' period specified in Cal.Corp.Code § 25506.[1] The trial judge denied the motion, holding instead that the applicable statute of limitation was

---

1. Section 25506 provides:

No action shall be maintained to enforce any liability created under Section 25500, 25501, or 25502 (or Section 25504 insofar as it relates to those sections) unless brought before the expiration of four years after the act or transaction constituting the viola-

tion or the expiration of one year after the discovery by the plaintiff of the facts constituting the violation, whichever shall first expire.

Since UCB brought this action some eighteen months after the alleged discovery, application of § 25506 could conceivably bar its suit.

found in Cal.Code Civ.P. § 338.[2] However, he certified that his order involved a controlling question of law and this court granted permission for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). We affirm.

■ UCB's federal claim alleges a violation of section 10(b)[3] of the Securities Exchange Act of 1934 (hereinafter Act) and rule 10b–5[4] promulgated thereunder. The Act does not contain a statute of limitation applicable to section 10(b) and federal courts have consistently rejected attempts to apply to section 10(b) other statutes of limitation found in the Act and in the Securities Act of 1933.[5] When, as in a case such as this, the statute is silent, we look to "an appropriate local law of limitations."[6]

In previous 10b–5 cases, we have applied the applicable state statute of limitations for fraud. Errion v. Connell, 236 F.2d 447, 455 (9th Cir. 1956); Fratt v. Robinson, 203 F.2d 627, 634 (9th Cir. 1953). Relying upon *Errion* and *Fratt,* we have adopted the California general fraud limitations period,

Code Civ.P. § 338, for securities fraud cases arising in that state. Hecht v. Harris, Upham & Co., 430 F.2d 1202, 1210 (9th Cir. 1970); Sackett v. Beaman, 399 F.2d 884, 890 (9th Cir. 1968); Turner v. Lundquist, 377 F.2d 44, 46 (9th Cir. 1967).

However, in Douglass v. Glenn E. Hinton Investments, Inc., 440 F.2d 912 (9th Cir. 1971), we were faced with a choice between the Washington fraud statute adopted in *Fratt* and *Errion, supra,* and a special limitations statute for securities fraud enacted in the interim. We adhered to our selection of the former. 440 F.2d at 915–16.

■ Now we are again confronted by similar alternatives. Since the occurrence of the facts supporting the claims in *Turner, Sackett, and Hecht, supra,* the California legislature has enacted a statute of limitations for actions brought pursuant to a state statute similar to section 10(b). The defendants urge this court to reject our previous decisions and to adopt the new statute, Cal.Corp. Code § 25506.[7] We decline to do so for several reasons.

2. Section 338 provides in part:
   Within three years:
   *   *   *   *   *
   4. An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.
   The present action was probably timely under the provisions of this section.

3. 15 U.S.C. § 78j(b).

4. 17 C.F.R. § 240.10b–5.

5. 15 U.S.C. §§ 77a–77aa. *See, e. g.,* Douglass v. Glenn E. Hinton Investments, Inc., 440 F.2d 912, 914 (9th Cir. 1971); Janigan v. Taylor, 344 F.2d 781, 783 (1st Cir.), cert. denied, 382 U.S. 879, 86 S.Ct. 163, 15 L.Ed.2d 120 (1965).

6. *Douglass, supra,* note 5, at 914. *See* Sackett v. Beaman, 399 F.2d 884, 890 890 (9th Cir. 1968). *See also* UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 703–05, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); Holmberg v. Armbrecht, 327

U.S. 392, 395, 66 S.Ct. 582, 90 L.Ed. 743 (1946).

7. Faced with analogous choices, other circuits have recently chosen the securities statute of limitations rather than that of general fraud. *See* Parrent v. Midwest Rug Mills, Inc., 455 F.2d 123 (7th Cir. 1972); Vanderboom v. Sexton, 422 F.2d 1233 (8th Cir.), cert. denied, 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970). *But see* Charney v. Thomas, 372 F.2d 97 (6th Cir. 1967).

   However, they have also determined that the adopted state statute shall only run in accordance with the federal law which decrees that the statute does not begin to run until the fraud is, or should be, discovered. Parrent, *supra* at 128; Vanderboom, *supra* at 1240. *Accord* Janigan v. Taylor, 344 F.2d 781 (1st Cir.), cert. denied, 382 U.S. 879, 86 S.Ct. 163, 15 L.Ed.2d 120 (1965). *See also* Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946); Bailey v. Glover, 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1875).

First, as we noted in *Douglass, supra:*

> [F]or us to change the applicable limitation period because the local law of securities regulation has changed would add an unnecessary uncertainty to the prosecution of federal claims under section 10(b). We do not believe federal policy is advanced by changing the law governing the timeliness of federal claims to correspond with each change in the substantive elements of a claim under the local securities law. Aggrieved persons have come to rely upon our prior holdings. Reasonable stability in laws pertaining to voluntary relationships between parties, and the right of access to the courts to question those relationships, is a worthwhile objective as well.

440 F.2d at 916. Second, the broad remedial policies of the federal securities laws [8] are best served by a longer, not a shorter, statute of limitation.[9] Under our prior rulings, a California resident may sue within three years of discovery of the fraud. Under the statute advanced, he would have only one year from discovery.

Finally, adoption of the new California statute would necessarily be piecemeal. The statute provides that a suit may be brought within one year of discovery of the violation but in no case more than four years after its occurrence. Federal policy provides that a statute of limitations shall not run until the fraud is, or should be, discovered.[10] In the case of a fraud discovered more than three, but less than four, years after the occurrence, strict application of the California statute would afford only the balance of the fourth year within which to sue. More importantly, a fraud discovered over four years after its occurrence would be completely barred.[11] To obviate this inconsistency with federal policy, we could judicially amend [12] the California statute by eliminating the four-year maximum. Alternatively, we could eliminate the one-year provision but amend the four-year provision to commence upon discovery. However, piecemeal adoption of the new statute is hardly preferable to continued utilization of the older fraud statutes. Therefore, as in *Douglass*, we adhere to our prior decisions in *Turner*, *Sackett*, and *Hecht, supra*, and hold that Code Civ.P. § 338 is the statute applicable to section 10(b) actions in California.

We recognize that there is no answer that is entirely satisfactory and we doubt any will be forthcoming unless Congress enacts a federal limitations statute specifically applicable to such actions.[13]

Affirmed.

---

8. *See* J. I. Case Co. v. Borak, 377 U.S. 426, 431–32, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964) ; SEC v. Capital Gains Research Bureau, Inc., 375 U.S. 180, 195, 84 S.Ct. 275, 11 L.Ed.2d 237 (1963).

9. *See* Azalea Meats, Inc. v. Muscat, 386 F.2d 5, 8 (5th Cir. 1967) ; Beefy Trail, Inc. v. Beefy King Int'l, Inc., 348 F. Supp. 799, 803 (M.D.Fla.1972).

10. *See* note 7, *supra*.

11. *See* note 1, *supra*.

12. *See* note 7, *supra*.

13. However, even if Congress is so disposed, it may wait until it receives The American Law Institute's proposed Federal Securities Code. Professor Louis Loss, the reporter for the project, currently estimates that the ALI Code will reach Congress in 1976 or 1977. Federal Securities Code, Introductory Memorandum at xv (Ten. Draft No. 2, 1973). Section 1421 of the draft contains proposed federal statutes of limitations for the remedies provided by the Code.