533 F.2d 340
 Blue Sky L. Rep. P 71,290, Fed. Sec. L. Rep. P 95,525
IDS PROGRESSIVE FUND, INC., a Nevada Corporation, and IDS
New Dimensions Fund, Inc., a Nevada Corporation,
for itself and on behalf of all other
similarily situated,
Plaintiffs-Appellees,
v.
FIRST OF MICHIGAN CORPORATION et al., Defendants-Appellants.
 Nos. 75-1475 to 75-1477.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 7, 1975.
Decided April 16, 1976.
 
 Fred W. Freeman, Dickinson, Wright, McKean & Cudlip, Wolfgang Hoppe, Miller, Canfield, Paddock & Stone, Richard B. Gushee, Detroit, Mich., for defendants-appellants in No. 75-1475.
 Irwin M. Alterman, Hyman & Rice, Southfield, Mich., for defendants-appellants in No. 75-1476.
 Martin C. Weisman, Smith, Miro, Hirsch, Brody & Zweig, Allan H. Tushman, Levine & Benjamin, Detroit, Mich., for defendants-appellants in No. 75-1477.
 William K. Holmes, Warner, Norcross & Judd, Grand Rapids, Mich., for plaintiffs-appellees.
 Before EDWARDS, PECK and ENGEL, Circuit Judges.
 JOHN W. PECK, Circuit Judge.
 
 
 1
 By an order of this court dated February 10, 1975, defendant-appellant Arthur Young & Co. was granted permission under 28 U.S.C. § 1292(b) to prosecute this interlocutory appeal from the memorandum and order of the district court dated December 20, 1974. Therein the district court determined that this action, seeking damages for alleged violations of Section 10(b) of the Securities Exchange Act of 1934 and of Rule 10b-5, is not subject to the two year statute of limitation prescribed by the Michigan Blue Sky Law, but is instead controlled by the six year Michigan statute of limitation applicable to actions for common law fraud. Thus, the sole issue presented for review is what is the applicable period of limitation in an action brought in Michigan alleging a claim under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5.
 
 
 2
 Plaintiffs-appellees, IDS Progressive and IDS Dimensions, seek to represent a class of investors allegedly injured by their purchase of common stock issued by Great Markwestern Packing Co. (GMP). It is alleged that GMP induced these purchases of stock by its false and misleading prospectus prepared by defendant First of Michigan, and effective January 14, 1969. Defendant Arthur Young was GMP's auditor during the relevant period. Plaintiffs purchased a total of 500,000 shares of GMP on January 15, 1969, at $11.00 per share, which shares are now allegedly worthless. This action was filed on October 31, 1974.
 
 
 3
 The appellants first urge this court to consider implementation of a uniform federal statute of limitation based upon the express limitation periods governing other sections of the federal securities laws. This we decline to do. The law is well settled that state statutes of limitation govern the timeliness of federal causes of action unless Congress has specifically provided otherwise. UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 703-4, 86 S.Ct. 1107, 1111-1112, 16 L.Ed.2d 192, 198 (1966); McCluny v. Silliman, 3 Pet. 270, 277, 7 L.Ed. 676 (1830). It is the rule in every circuit which has considered the issue that the correct limitation period for an action brought under Rule 10b-5 is the one provided by state law, Janigan v. Taylor, 344 F.2d 781 (1st Cir. 1965); Klein v. Shields & Co., 470 F.2d 1344 (2d Cir. 1972); Kubik v. Goldfield, 479 F.2d 472 (3rd Cir. 1973); John Hopkins University v. Hutton, 488 F.2d 912 (4th Cir. 1973); Hudak v. Economic Research Analysts, Inc., 499 F.2d 996 (5th Cir. 1974), cert. denied, 419 U.S. 1122, 95 S.Ct. 805, 42 L.Ed.2d 821 (1975); Charney v. Thomas, 372 F.2d 97 (6th Cir. 1967); Parrent v. Midwest Rug Mills, Inc., 455 F.2d 123 (7th Cir. 1972); Vanderboom v. Sexton, 422 F.2d 1233 (8th Cir. 1970); United California Bank v. Salik, 481 F.2d 1012 (9th Cir.), cert. denied, 414 U.S. 1004, 94 S.Ct. 361, 38 L.Ed.2d 240 (1973); Clegg v. Conk, 507 F.2d 1351 (10th Cir. 1974), cert. denied, 422 U.S. 1007, 95 S.Ct. 2628, 45 L.Ed.2d 669 (1975).
 
 
 4
 In 1967, this court decided Charney v. Thomas, supra, and held that the "period of limitations applicable to plaintiffs' federal claim under the Security Exchange Act of 1934 must likewise be determined by reference to Michigan law . . .. (T)he Federal Courts must choose among the several state statutes of limitation and apply that one which best effectuates the federal policy at issue." Charney went on to apply Michigan's six year statute of limitation applicable to actions for common law fraud. In that case we noted that:
 
 
 5
 "Although in some cases the local Blue Sky Law might be the more appropriate point of reference, in the present case the Michigan law contains no provision similar to Section 10(b) of the federal law. Thus, the normal six year period of M.S.A. § 27A.5813 should apply despite the fact that actions under Section 10(b) are not exactly the same as common law fraud." Charney v. Thomas, supra, at 100.
 
 
 6
 This court must determine whether circumstances are now such that we should reverse the position taken in Charney and apply the two year statute of limitation of the Michigan Blue Sky Law.
 
 
 7
 Since the Charney decision, several circuits have dealt with this precise issue. We note with interest that the courts of appeals for the Fifth, Seventh, and Eighth Circuits have held the statutes of limitation in state Blue Sky Laws to be the limitation periods which best effectuate federal policy. Hudak v. Economic Research Analysts, Inc., supra; Parrent v. Midwest Rug Mills, Inc., supra; Vanderboom v. Sexton, supra. However, the Ninth and Tenth Circuits have recently reaffirmed their position of applying the state statutes of limitation applicable to common law fraud actions. United California Bank v. Salik, supra; Clegg v. Conk, supra.
 
 
 8
 The Blue Sky Law at issue in the Charney case was subsequently repealed and in its place Michigan adopted the Uniform Securities Act. M.S.A. § 19.776 (101) et seq. Although appellant Arthur Young seeks to emphasize the virtual identity in language between Rule 10b-5 and Section 101 of the Uniform Securities Act, Section 101 is an exclusively criminal provision. Section 410 is the civil liability provision of the Act and it expressly indicates that a violation of Section 101 does not give rise to civil liability.[1] The substance of the present civil liability section is virtually identical to that of the civil liability section examined in Charney, both being modeled on Section 12(2) of the Securities Act of 1933.[2] This court determined in Charney that such a civil liability provision was not a sufficiently close analogue to Rule 10b-5 to cause application of the Blue Sky Law statute of limitation. Rule 10b-5 applies to both buyers and sellers, while Section 410 limits liability to sellers. 10b-5's remedy is more comprehensive and its language is much broader overall, requiring a misrepresentation "in connection with the purchase or sale of any security," and applying not only to statements or omissions, but also to "any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person. . . ." Section 410 also contains, as did its predecessor section, an express scienter requirement, not found in Rule 10b-5.
 
 
 9
 For us to change the applicable limitation period without good cause would add an unnecessary uncertainty to the prosecution of federal claims under Section 10(b). "Reasonable stability in laws pertaining to voluntary relationships between parties, and the right of access to the courts to question those relationships, is a worthwhile objective . . .." Douglass v. Glenn E. Hinton Investments, Inc., 440 F.2d 912, 916 (9th Cir. 1971). Moreover, we agree that "the broad remedial policies of the federal securities laws are best served by a longer, not a shorter statute of limitation." United California Bank v. Salik, supra at 1015; Berry Petroleum v. Adams & Peck, 518 F.2d 402, 409 (2d Cir. 1975).
 
 
 10
 We conclude that Michigan securities law still provides no private right of action comparable to that afforded by Rule 10b-5, and we therefore reaffirm our decision in Charney v. Thomas and hold that Michigan's six year statute of limitation, M.S.A. § 27A.5813, governs this action.
 
 
 11
 The order of the district court is affirmed.
 
 
 
 [1]
 M.S.A. § 19.776 (410) (Civil Liability)
 "Section 410(a) Offers or sales. Any person who:
 (2) Offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, the buyer not knowing of the untruth or omission, and who does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission
 Is liable to the person buying the security from him, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at 6% per year from the date of payment, costs and reasonable attorney's fees, less the amount of any income received on the security, upon the tender of the security, or for damages if he no longer owns the security. Damages are the amount that would be recoverable upon a tender less the value of the security when the buyer disposed of it and interest at 6% per year from the date of disposition.
 (h) Additional rights; cause of action created. The rights and remedies provided by this act are in addition to any other rights or remedies that may exist at law or in equity, but this act does not create any cause of action not specified in this section or section 202(e). " (Emphasis added.)
 The Commissioners' Note to Section 410 explains:
 "Subsection (h). The mere presence of certain specific liability provisions in a statute is no assurance that other liabilities will not be implied by the courts under the doctrine which creates a common-law tort action for violation of certain criminal statutes . . . . Notwithstanding the presence of several specific liability provisions in each of the several SEC statutes, the federal courts have implied a civil cause of action by a defrauded seller against the buyer under SEC Rule X-10B-5 . . . . The 'but' clause in § 410(h) is designed to assure that no comparable development is based on violation of § 101 of this Act." (Emphasis added.)
 
 
 [2]
 Mich. Compiled Laws § 451.116 (repealed) . . . Civil Liability for false statements or misrepresentations
 "Section 16. . . . Any person who sells a security, which comes under the provisions of this act, by means of a prospectus or other type of circular or advertising, or by oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statement, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in exercise of reasonable care could not have known, of such untruth or omission, shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, upon the tender of such security, or for damages if he no longer owns the security."