**ESTATE OF Della WARE, Deceased and Aetna Casualty & Surety Co., Plaintiffs,**

v.

**Nicholas BOORAS, Peter B. Short, Charles R. Miller, Jr., and Merrill Lynch, Pierce, Fenner & Smith, Inc., a Delaware corporation, Jointly and Severally, Defendants.**

**No. 91–72334.**

United States District Court, E.D. Michigan, S.D.

April 10, 1992.

---

1. *United States of America v. Helton,* Docket No. 3:90–0008, 1991 WL 335446, July 3, 1991,

Staker, J.

Joseph P. Buttiglieri, Detroit, Mich., for plaintiffs.

Douglas G. Graham, Detroit, Mich., for defendant Merrill Lynch.

Peter B. Short, in pro. per.

Michael Suggamelli, Farmington Hills, Mich., for defendant Charles R. Miller, Jr.

James Popritt, Lake Orion, Mich., for defendant Nicholas Booras.

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND ASSESSING COSTS

GADOLA, District Judge.

Plaintiffs filed this action in Wayne County Circuit Court on March 29, 1991. Defendants removed to this court on May 15, 1991. All state claims, Counts II–VII, were remanded to state court. The only claim before this court, Count I, is the alleged violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.-10b–5. Defendant Merrill Lynch filed a motion for summary judgment on March 2, 1991, and defendant Booras filed a motion for summary judgment on March 3, 1992. Defendants Miller and Short joined in Merrill Lynch's motion. Plaintiffs have failed to respond to these motions. Pursuant to LR 7.1(e)(2), no oral argument was heard.

### BACKGROUND FACTS [1]

Plaintiffs allege that Della Ware, now deceased, deposited $80,000 in an account with Merrill Lynch, through its agent and stockbroker, Charles Miller, Jr. Plaintiffs further maintain that defendant Booras, "in cooperation and in conspiracy with Peter Short and Charles Miller, Jr., made false and misleading statements concerning the status of Ms. Ware's account and the value of the securities in which Della Ware invested or was mislead to believe she had invested...." Plaintiffs' Compl. at para. 10. Plaintiffs also allege that defendants Miller, Short, and Booras took the $80,000 without the knowledge or authority of Della Ware. By January 1985, the account was empty.

On January 2, 1985, Andrew Edelmann, resident vice president of Michigan Group Offices of Merrill Lynch, phoned Ms. Ware and told her about the withdrawals from her account. He subsequently sent her a letter reiterating their conversation. A few days later, Ms. Ware closed her ac-

---

1. The background facts come from the plaintiff's complaint and the defendants' briefs in support of their motions for summary judgment.

count with Merrill Lynch and on March 9, 1985, Ms. Ware died.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citation omitted). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

■ The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

■ To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986),

There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed. R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991).

## APPLICABLE LAW

■ As defendants point out, section 10(b) of the Securities Exchange Act of 1934 has no specific statute of limitations. However, in December 1991, the Act was amended and section 27A was added. This section states, in pertinent part:

The limitation period for any private civil action implied under section 10(b) of this Act that was commenced on or before June 19, 1991, shall be the limitation period provided by the laws applicable in the jurisdiction....

Federal Deposit Insurance Corporation Improvement Act, Pub.L. No. 102–242, 105 Stat. 2236, 2387 (1991) (amending The Securities Exchange Act of 1934) (to be inserted after 15 U.S.C. § 78aa). Defendants cite *IDS Progressive Fund, Inc. v. First of Mich. Corp.*, 533 F.2d 340, 344 (6th Cir.

1976) in which the Sixth Circuit held that in an action alleging violations of section 10(b) of the Securities Exchange Act and Rule 10b–5, Michigan's six year statute of limitations for common law fraud, Mich.Comp. Laws Ann. § 600.5813, governs. *See also Campbell v. Upjohn Co.*, 676 F.2d 1122, 1126 n. 4 (6th Cir.1982); *Herm v. Stafford*, 663 F.2d 669, 678 n. 10 (6th Cir.1981).

Additionally, defendants cite Mich.Comp. Laws Ann. § 600.5827, which states that "the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." Ms. Ware's account was empty by January 1985, which is the latest time the "wrong upon which the claim is based was done...." The six year statute of limitations period terminated at the end of January 1991.

In anticipation of plaintiffs' response, defendants concede that because Ms. Ware died before the period ran, "an action may be commenced by [her] personal representative ... at any time within two years after letters of authority are issued although the period of limitations has run." Mich.Comp. Laws Ann. § 600.5852. Defendants claim that letters of authority were issued to defendant Short on April 12, 1985. Defendants' Br. at 7. The two year limitations period expired on April 12, 1987. Additionally, Mr. McCarthy was appointed successor personal representative on January 17, 1989. However, the two year period from the time Mr. McCarthy was appointed ended on January 17, 1991.

Because the statute of limitations period has lapsed, this action is time barred. Therefore, defendants' motions for summary judgment are granted.

### COSTS

Defendants also request reasonable attorneys' fees and expenses pursuant to Fed.R.Civ.P. 11 which states in pertinent part:

> The signature of an attorney ... constitutes a certificate by the signer that ... to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law....

The plaintiffs in this action failed to make reasonable inquiry as to the statute of limitations period. In their complaint, plaintiffs state the alleged violations occurred in January 1985. A short investigation would have elicited the conclusion that the statute of limitations period was six years. Therefore, defendants' request for costs, including attorneys' fees, is granted.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that defendants motions for summary judgment are GRANTED and defendants are awarded costs, including attorneys' fees.