**Matthew M. COREY, Plaintiff,**

v.

**BACHE & CO., INCORPORATED, Defendant.**

**Civ. A. No. 70–253.**

United States District Court,
S. D. West Virginia,
Charleston Division.

March 12, 1973.

**1124**

Hugh A. Thornburg, Indianapolis, Ind., W. H. File, Jr., Beckley, W. Va., for plaintiff.

Edward W. Eardley, Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

KENNETH K. HALL, District Judge.

This cause comes before the Court on motions for summary judgment filed by plaintiff and by defendant.

The plaintiff, Matthew M. Corey, brought this cause, on August 26, 1970, in the United States District Court, Southern District of Indiana. The case was transferred to this Court (by order entered in the United States District Court for the Southern District of Indiana) on November 19, 1970.

The plaintiff in this action alleges that defendant has violated the rules and regulations adopted by the New York Stock Exchange and the American Stock Exchange as required by Section 6(b) of the Securities Exchange Act of 1934, and rules similarly adopted by the National Association of Securities Dealers under Section 15A of the Securities Exchange Act of 1934. These rules and regulations, commonly known as the "Know Your Customer Rule" or "The Due Diligence Rule," serve as the basis for plaintiff's cause of action under Counts I, II, and IV. Plaintiff contends that disregard of these rules by defendant imposes upon the broker civil liability for damages. Plaintiff alleges in Count III churning and fraudulent activity in the sale or purchase of plaintiff's securities in violation of Rule 10b–5, promulgated by the Securities and Exchange Commission under Section 10 of the Securities Exchange Act of 1934 and Section 17 of the Securities Act of 1933. Plaintiff alleges in Count V that defendant churned plaintiff's securities account in violation of Section 10 of the Securities Exchange Act of 1934, and Section 17 of the Securities Act of 1933. (15 U.S.C. § 78j, and 15 U.S.C. § 77q.)

As grounds for summary judgment, defendant asserts the running of the statute of limitations, estoppel and laches, and the defense that rules promulgat-

ed by stock exchanges as required under Section 6 of the Securities and Exchange Act of 1934, and by broker-dealers as required under 15A of the Securities and Exchange Act of 1934 do not give rise to a cause of action by a customer against his broker. The plaintiff, in his motion for summary judgment, contends that all five counts state a cause of action, and that the record fails to disclose the elements of technical requirements of the various defenses. In support of his motion for summary judgment, plaintiff has filed the affidavits of James T. Lockwood, Jr., and J. Edwin Corbett. Plaintiff also states that substantially all of the defenses are based upon the timeliness of the plaintiff's action.

■ The first issue for consideration by this Court concerns the application of the statute of limitations. The provisions of the Securities Act of 1933 and of the Securities Exchange Act of 1934 under which plaintiff brings his action contain no statute of limitations. When the federal legislative acts are silent as to the statute of limitations applicable to them, the limitations period of the forum state is applied. International Union v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); Cope v. Anderson, Receiver, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947); and Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946).

■ Since the action has been transferred under 28 U.S.C., § 1404(a), this Court, as the transferee court, must apply the forum state statute of limitations of the transferor court. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); H. L. Green Co. v. MacMahon, 312 F.2d 650 (2d Cir. 1962), cert. denied, 372 U.S. 928, 83 S.Ct. 876, 9 L.Ed.2d 736 (1963); and Headrick v. Atchison, T. & S. F. Ry. Co., 182 F.2d 305 (10th Cir. 1950).

The issue over the statute of limitations arises as to which statute of the forum state, Indiana, should apply. The defendant asserts that Burns Ind.Stat.

Ann., § 25–873(e), IC 1971, 23–2–1–19(e), providing a two-year limitations period for actions brought under Indiana securities laws is applicable. Plaintiff asserts that Burns Ind.Stat.Ann., § 2–601, IC 1971, 34–1–2–1, providing a six-year limitations period for fraud actions is applicable.

■ Since plaintiff's cause of action arose under federal law, the state statute of limitations which best effectuates the policy and purposes of that law should be chosen. International Union v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); Parrent v. Midwest Rug Mills, 455 F.2d 123 (7th Cir. 1972); Vanderboom v. Sexton, 422 F.2d 1233 (8th Cir. 1970); Charney v. Thomas, 372 F.2d 97 (6th Cir. 1967).

Much discussion has taken place as to the purposes and policies of Section 17 of the 1933 Securities Act and Rule 10b–5, promulgated under Section 10 of the 1934 Securities Exchange Act. The plaintiff, in the memoranda submitted to this Court, has cited a multitude of cases in which plaintiff contends courts have applied the common law applicable for relief from fraud. Plaintiff states the theories for these decisions as follows: that Section 10(b)–5, and the rule promulgated thereunder, is a restatement of common law rules for fraud and deceit; that most acts stating a cause of action under Section 10(b)–5 also are recognized as common law fraud; and that state blue-sky laws, when compared to the federal securities acts, have failed the similarity test (Plaintiff's Reply to Defendant's Memorandum of Law in Support of Motion for Summary Judgment, pp. 8–9). On the other hand, defendant asserts that under the reasoning of the Seventh Circuit Court in Parrent v. Midwest Rug Mills, Inc., 455 F.2d 123 (7th Cir. 1972), and the Eighth Circuit in Vanderboom v. Sexton, 422 F.2d 1233 (8th Cir. 1970), and Birky v. Wildman, Neal & DeBolt, Inc., No. IP 68–C–358, dated July 26, 1972 (D.C.Indiana), the proper statute of limitations of the State of Indiana is the two-year statute. Defendant asserts that the two-year

statute is more similar. Defendant in his second memorandum controverts many of the holdings and rationale given by plaintiff.

 This Court, after carefully comparing the two Indiana statutes with the federal securities laws, finds that the Indiana two-year statute of limitations best effectuates the federal securities laws.

 It is clear that Section 17 and Rule 10b–5 are not identical with Burns Ind.Stat.Ann., § 25–873(e). The latter specifically creates the defense of lack of knowledge, or ability to know the untruth of representations made by the defendant (commonly referred to as the defense of lack of scienter), whereas 10b–5 on its face creates no defenses. However, in the Indiana blue-sky statute, the burden is on the defendant to prove the defense of lack of scienter. Birky v. Wildman, Neal & DeBolt, Inc., *supra*; Parrent v. Midwest Rug Mills, Inc., *supra*; and Vanderboom v. Sexton, *supra*.

 The present trend is that Section 17 and Rule 10b–5 apply to negligent as well as intentional representations.[1] Vanderboom v. Sexton, *supra*; Myzel v. Fields, 386 F.2d 718, 734–735 (8th Cir. 1967), cert. denied 390 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1143 (1968); Bromberg, Securities Law Fraud—SEC Rule 10b–5, 50 (1967).

 On the other hand, the application of the Indiana six-year statute is limited to situations in which all the elements of a common law fraud are alleged and where fraud is the principal cause of action asserted. Colonial National Bank v. Bredenkamp, Ind.App.,

279 N.E.2d 845 (1972); Ballard v. Drake's Estate, 103 Ind.App. 143, 5 N. E.2d 671, 675 (1937); Wilson v. Brookshire, 126 Ind. 497, 25 N.E. 131, 133 (1890).

The Court, after careful consideration of the allegations of the complaint together with the depositions and affidavits submitted, finds that the nature of the alleged wrongs does not amount to the elements of common-law fraud. The Burns Ind.Stat.Ann., § 25–873(e), providing a two-year limitations period, would best effectuate the policies of Section 17 of the Securities Act of 1933, Rule 10b–5, promulgated by the Securities and Exchange Commission under Section 10 of the Securities Exchange Act of 1934, and the rules adopted by the National Association of Securities Dealers under Section 15A of the Securities Exchange Act of 1934.[2]

 The record indicates that plaintiff liquidated his account on September 23, 1966, at which time he expressed his dissatisfaction. On February 18, 1967, plaintiff's counsel gave notice by letter to the defendant that the action was to be instituted. Since the action was not instituted until August 26, 1970, it falls outside the two years prescribed by the Burns Ind.Stat.Ann., § 25–873(e). Accordingly, it is

Adjudged and ordered that plaintiff's motion for summary judgment be, and it is hereby, denied, and that defendant's motion for summary judgment be, and it is hereby, sustained. The Court's action on the two motions for summary judgment makes unnecessary any ruling on other issues presented in this cause. It is further

Ordered that this action be dismissed.

---

1. In cases where courts have construed Section 17 and Rule 10b–5 to require scienter and to be basically analogous to common-law fraud, it was appropriate to apply the local statute of limitations which specifically applied to common-law fraud, rather than the statute of limitations pertaining to the local blue-sky law. Trussell v. United Underwriters Ltd., 228 F.Supp. 757 (D.Col.1964); Rice v. U. S., 149 F.2d 601 (10th Cir.

1945); Charney v. Thomas, 372 F.2d 97 (6th Cir. 1967).

2. It is the opinion of the Court that the nature of the allegations brought in Counts I, II, and IV under Section 15A of the Securities Exchange Act of 1934 even more clearly warrant the application of the two-year limitations period, and another discussion of the rationale is not warranted.