**W. M. MOONEY et al.**

v.

**Fred C. TALLANT, Sr., et al.**

**Civ. A. No. C75-255A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

July 15, 1975.

Robert L. Marchman, III, Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for plaintiffs.

Morris & Churchill, Joseph I. Churchill, Atlanta, Ga., for LectraData, Inc. and Mock.

Candler, Cox, Andrews & Hansen, E. Lewis Hansen, Atlanta, Ga., for Morgan and Tallant.

### ORDER

O'KELLEY, District Judge.

This is an action brought by the plaintiffs claiming, in two counts, that defendants have committed fraud in connection with the sale of securities. Count one alleges what is essentially a violation of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and rule 10b–5 thereunder, 17 C.F.R. 240.10b–5. Count two alleges that the conduct of defendants constituted fraud and deceit within the meaning of Ga.Code §§ 105–301, 302, and common law fraud. The court has jurisdiction of this action pursuant to section 27 of the 1934 Act, 15 U.S.C. § 78aa, and with respect to the state law claims, under the principles of pendent jurisdiction. The case is presently before the court on defendant's motion to dismiss. Fed.R. Civ.P. 12(b)(6). First, defendants allege that this action is barred by the statute of limitations;[1] second, it is urged that the complaint fails to state a claim.

*Applicable Statute of Limitations To an Action Under Section 10(b)*

It is now established that a private right of action is implied under section 10(b) of the Securities Exchange Act. *See Superintendent of Insurance v. Bankers Life & Casualty Co.*, 404 U.S 6, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971); *Rekant v. Desser*, 425 F.2d 872 (5th Cir. 1970). The Act, however, does not proscribe a period of limitations for an action, nor is there a general federal statute of limitations. *See, e. g., Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123 (7th Cir. 1972). As a result, the appropriate limitation act in the forum state of Georgia controls. *International Union v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966).

Plaintiffs contend that Georgia's four-year limitations period for actions requesting relief upon the ground of fraud is most applicable. Ga.Code § 3–1002. Defendants claim that the most applicable Georgia limitations statute is Ga.Code § 97–114,[2] Georgia's blue sky law two-year limitation period.[3] In at least two prior decisions of this court, *Dudley v. Southeastern Factor & Finance Corp.*, 57 F.R.D. 177 (N.D.Ga. 1972), and *Banks v. American Capital Corp.*, Civ. No. 12998 (N.D.Ga.1972), it was held that the Georgia fraud statute

1. It should be noted at this juncture that the statute of limitations is an affirmative defense under Fed.R.Civ.P. 8(c) and generally cannot be raised as a rule 12(b) motion. However, when the complaint shows on its face that the limitations period has run, the statute of limitations may be raised by motion to dismiss. *See* 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1357 at 605 (1969, Supp.1974). *See also Herron v. Herron*, 255 F.2d 589 (5th Cir. 1958).

2. There appears to be some question whether the Georgia Securities Act of 1973 or the Act of 1957 is applicable to the facts of this case. The saving provision of the 1973 Act, Ga.Code § 97–122, provides in part:

"Prior law exclusively governs all suits, actions . . . which are pending or may

be initiated on the basis of facts or circumstances occurring before the effective date of this Chapter . . . ."

The plaintiffs have sought relief on behalf of persons who purchased common stock of Lectradata, Inc. between the dates of June 30, 1970, and October 15, 1972. Thus, it appears that the acts complained of took place before the effective date of the 1973 Act (April 1, 1974), thereby making the provisions of the Securities Act of 1957 applicable.

3. Ga.Code § 97–114(a) provides: [N]o action shall be brought under this section for the recovery of the purchase price after two years from the date of such sale or contract for sale . . . ."

of limitations period of four years was applicable to rule 10b–5 actions. The defendants, however, urge this court to abandon these holdings and instead apply the shorter Georgia blue sky law limitation period. In light of a recent decision by the Fifth Circuit in *Hudak v. Economic Research Analysts, Inc.*, 499 F.2d 996 (5th Cir. 1974), this court feels compelled to reexamine the question.

The standard for determining which period of limitation to apply is that it should be "one which best effectuates the federal policy at issue." *Charney v. Thomas*, 372 F.2d 97, 100 (6th Cir. 1967). The more recent decisions favoring the blue sky limitation period have utilized a "resemblance test" in adopting a period of limitations. *See* Einhorn & Feldman, *Choosing A Statute of Limitations In Federal Securities Actions*, 25 Mercer L.Rev. 497, 503 (1974). Thus, a recent decision in the Seventh Circuit, *Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123 (7th Cir. 1972), found the Illinois three-year blue sky limitation period applicable, rather than the fraud limitation, because of the resemblance in language and purpose between rule 10b–5 and the blue sky laws. Likewise, other courts have reached a similar conclusion. *See, e. g., Vanderboom v. Sexton*, 422 F.2d 1233 (8th Cir.), *cert. denied*, 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed. 2d 90 (1970); *Corey v. Bache & Co.*, 355 F.Supp. 1123 (S.D.W.Va.1973); *Josef's of Palm Beach, Inc. v. Southern Investment Co.*, 349 F.Supp. 1057 (S.D. Fla.1972); *Richardson v. Salinas*, 336 F.Supp. 997 (S.D.Tex.1972). *But see United California Bank v. Salik*, 481 F. 2d 1012 (9th Cir.), *cert. denied*, 414 U.S. 1004, 94 S.Ct. 361, 38 L.Ed.2d 240 (1973).

The "resemblance test" was adopted by the Fifth Circuit in *Hudak v. Economic Research Analysts, Inc.*, 499 F.2d 996 (5th Cir. 1974). *Hudak* involved a claim against a registered broker/dealer under section 10(b) of the Securities Exchange Act. The district court measured the timeliness of plaintiff's suit against the three-year period provided by Florida statutes in "action[s] for relief on the ground of fraud." Fla.Stat. § 95.11(5). On appeal, defendants argued that the two-year limitation period provided in the state's blue sky law "more nearly embodies the policies behind section 10(b)." 499 F.2d at 999. Noting the similarity between the Florida and federal scheme in regulating securities, the district court was held to have erred in applying the three-year fraud period. Relying on the decisions from the Seventh and Eighth Circuits,[4] the court found the similarity between Florida's blue sky law and 10b–5's language and *scienter* requirements crucial to its determination. Moreover, the court placed major emphasis on the congruence between the specific remedy sought—return of the purchase money —and the remedy of rescission provided by the Florida blue sky law.

Section 10(b) provides:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

.   .   .   .   .   .

(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe   .   .   ..

15 U.S.C. § 78j(b). Section 10(b) further grants the Securities Exchange Commission the power to promulgate rules "necessary or appropriate" for the protection of investors. In implement-

---

4. *Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123 (7th Cir. 1972); *Vanderboom v. Sexton*, 422 F.2d 1233 (8th Cir.), *cert. denied*, 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970).

ing section 10(b), the Commission promulgated rule 10b–5, providing:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. 240.10b–5. The similarity between the language and *scienter* requirements convinces the court that under the "resemblance test" the two-year Georgia blue sky limitation, Ga.Code §§ 97–112, 114, is applicable to 10b–5 actions brought in Georgia.[5]

Recent Fifth Circuit cases on the *scienter* requirement of rule 10b–5 have stated that although "some culpability beyond mere negligence is required," it is not necessary to prove the specific fraudulent intent necessary for a claim of common law fraud. *Vohs v. Dickson,* 495 F.2d 607, 622 (5th Cir. 1974); *Sar-*

*gent v. Genesco, Inc.,* 492 F.2d 750 (5th Cir. 1974); *Smallwood v. Pearl Brewing Co.,* 489 F.2d 579 (5th Cir. 1974). In Georgia in an action for deceit a necessary element "is knowledge of the falsehood or reckless disregard of the true facts." *Grainger v. Jackson,* 122 Ga. App. 123, 127, 176 S.E.2d 279, 282 (1970); Ga.Code § 105–302. *See also McMichen v. Martin Burks Chevrolet, Inc.,* 128 Ga.App. 482, 197 S.E.2d 395 (1973). Although this court has found no cases discussing *scienter* under Ga. Code § 97–112, it does not appear from the language of the statute that *scienter,* in the sense applicable to common law fraud, is required. Therefore, as this circuit does not require proof of *scienter* under rule 10b–5, and it appears that such proof is not required under Ga. Code § 97–112, rule 10b–5 resembles a "blue-sky type of implied statutory action" more than a fraud action and would best effectuate federal policy behind rule 10b–5. *Vanderboom v. Sexton,* 422 F.2d at 1237. *See also* Bromberg, *Securities Laws: Fraud-SEC Rule 10b–5,* § 2.5(1), at 41–42 (1969).

Further, Georgia's two-year limitation is closer to the express limitation periods in other sections of the Securities Acts. The significant feature is that all such federal limitations are relatively short and have outside cutoff dates beyond which no liability extends no matter when discovery of the violation takes place.[6] *See* Schulman, *Statutes of Limitations in 10b–5 Actions: Complication*

---

5. Ga.Code § 97–112 provides in part:
   "It shall be a fraudulent practice and it shall be unlawful:

   .    .    .    .    .

   "(b) For any person, in connection with any transaction or transactions in this State which involve any offer to sell or to buy securities, or any sale or purchase of securities, including securities exempted under the provisions of section 97–106 and including any transactions exempted under the provisions of section 97–107, either directly or indirectly: (1) to employ any device, scheme or artifice to defraud, or (2) to engage in any act, practice, transaction or course of business which operates or would operate as a fraud or deceit upon the purchaser or seller."

6. *See, e. g.,* 15 U.S.C. § 77m (one-year period for failure to register); 15 U.S.C. § 78i(e) (one-year for manipulative and fraudulent actions on a national security exchange); 15 U.S.C. § 78p(b) (two-year statute applicable to recovery of insider profits under section 16(b)). *See also* Martin, *Statute of Limitation In 10b–5 Actions: Which State Statute is Applicable?,* 29 Bus.Law 443 (1974). Professor Loss, in a proposed codification of the federal securities laws, suggests a limitation of two years from discovery and a cutoff of four years. ABA–ALI Model Sec. Code §§ 1421(a)–(d) (March, 1973 Draft).

684

*Added to Confusion,* 13 Wayne L.Rev. 635 (1967). In this regard Ga.Code §§ 97–112, 114 compare with the periods specified by Congress, effectuating Congressional policy calling for a short statute of limitations. *See Richardson v. Salinas,* 336 F.Supp. 997 (N.D.Tex.1972).

Finally, in *Hudak,* major emphasis was placed on the similarity between the remedy sought under rule 10b–5, *i. e.,* the return of the purchase money, and the remedy of rescission provided in the state's blue sky law. 499 F.2d at 1000. Plaintiffs in the instant case seek a return of the purchase money, and, as found in *Hudak,* Georgia's blue sky act provides for rescission. Ga.Code § 97–114.

### Accrual of the Cause of Action

■ Although the court determines that Georgia's blue sky limitation is applicable to 10b–5 actions, this does not end the court's inquiry on this motion. Acceptance of the two-year term imposed by Ga.Code § 97–114 does not constitute an adoption of its provision that the time is to be measured from the date of sale. The accrual of the cause of action is to be determined as a matter of federal law, even though the limitation period is obtained from the relevant state law. As stated in *Sargent v. Genesco, Inc.,* 492 F.2d 750, 758 (5th Cir. 1974):

> [T]he date when a claim accrues so as to trigger the state law limitation period is a matter of federal law and our court-fashioned rule is that a 10b–5 claim accrues when the plaintiff actually discovers the alleged fraud.

■■ In an attempt to take advantage of this rule, plaintiffs allege that it was not until within the two-year period that they learned of the alleged fraud. In this regard plaintiffs attempt to avail themselves of the equitable tolling doctrine by alleging in their brief fraudulent concealment. *See Bailey v. Glover,* 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1874); *Azalea Meats v. Muscat,* 386 F.2d 5 (5th Cir. 1967). *See generally*

Note, *Fraudulent Concealment as Tolling the Antitrust Statute of Limitations,* 36 Ford L.Rev. 328 (1967). Under this doctrine the limitation period does not begin to run until the violation was or with due diligence should have been discovered. *Cowsar v. Regional Recreations, Inc.,* 65 F.R.D. 394 (M.D.La.1974). In the present case all of plaintiffs' dealing in the LectraData stock ended in October, 1972, and the complaint was filed in February, 1975, over two years later. The plaintiff "has the burden of showing that he 'exercised reasonable care and diligence in seeking to learn the facts which would disclose fraud.'" *Hupp v. Gray,* 500 F.2d 993, 996 (7th Cir. 1974), *quoting Morgan v. Koch,* 419 F.2d 993, 997 (7th Cir. 1969). Although an allegation in the complaint of fraudulent concealment is sufficient to withstand a motion to dismiss on these facts, *Puttkammer v. Stifel, Nicholaus & Co.,* 365 F.Supp. 495 (N.D.Ill.1973), the difficulty with plaintiffs' argument in this regard is that no such claim appears in the complaint.

■ Plaintiffs state in their brief that if this court holds the two-year blue sky period of limitations applicable, then a request is made for an opportunity to amend the complaint to allege when the violations were actually discovered. The court feels that in fairness to the plaintiffs, this request should be granted. Accordingly, the plaintiffs are given ten days from the date of this order to file an amended complaint.

Also pending before the court at this time is a motion to dismiss the complaint for failure to state a claim, Fed. R.Civ.P. 12(b)(6), and lack of jurisdiction over the pendent state claim of fraud. In view of the present posture of this case, judicial economy and convenience favor the delay of a ruling on these motions.

Accordingly, the case is scheduled for hearing before the court at 10:00 a. m. on the 25th day of July, 1975, to consider any amendment.