**LaROSA BUILDING CORPORATION,
Plaintiff-Appellant,**

v.

**The EQUITABLE LIFE ASSURANCE
SOCIETY OF the UNITED STATES,
Defendant-Appellee.**

No. 75–1725.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 28, 1976.

Decided Oct. 14, 1976.

Richard D. Hodgin, Michael Smith, Indianapolis, Ind., for plaintiff-appellant.

Alan W. Boyd, Indianapolis, Ind., for defendant-appellee.

1. The United States District Court for the Southern District of Indiana, Indianapolis Division, the Honorable James E. Noland, Judge, presiding.

Before HASTINGS, Senior Circuit Judge, and TONE and BAUER, Circuit Judges.

HASTINGS, Senior Circuit Judge.

By agreement of all parties, this appeal was submitted on the record and briefs filed herein, without oral argument. Plaintiff LaRosa Building Corporation appeals from an order entered May 16, 1975, in the federal district court[1] dismissing its complaint, on motion of defendant The Equitable Life Assurance Society of the United States, for (1) lack of subject matter jurisdiction and (2) failure to state a cause of action upon which relief may be granted.

For reasons hereinafter set out, we affirm on the ground that plaintiff LaRosa's claim is barred by the applicable Indiana statute of limitations.

The procedural and factual background of this matter is, of course, to be garnered from the allegations of the amended complaint which was dismissed upon defendant Equitable's motion.

I.

LaRosa brought this action seeking relief under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5. LaRosa sought recovery of $73,000 in damages which equalled 25 per cent of Equitable's pro rata share of partnership operating losses, which Equitable allegedly wrongfully required LaRosa to absorb. LaRosa further alleged that Equitable used its superiority during a loan negotiation to create "economic hardship" for LaRosa by imposing numerous pre-conditions that LaRosa would not have agreed to if Equitable had notified LaRosa of its intent to make the loan in the first place. LaRosa charged that Equitable's scheme was to require LaRosa to absorb all partnership operating losses.

It was alleged that Equitable engaged in a course of conduct proscribed by Section

10(b), in that Equitable employed a device, scheme or artifice to defraud LaRosa, made untrue statements of material facts, and engaged in acts, practice or course of conduct which operated as a fraud or deceit upon LaRosa.

It further appears from the amended complaint that these alleged acts commenced on November 27, 1970, at which time Equitable granted LaRosa a construction loan of $2,300,000 in return for LaRosa's promissory note, secured by a mortgage covering LaRosa's interest in the LaRosa Building in downtown Indianapolis, Indiana.

It is also asserted that as a pre-condition of the loan, LaRosa was required to transfer the building premises to a general partnership created on that date under the partnership laws of Indiana. The distribution of equity was 75 per cent to LaRosa and 25 per cent to Equitable. In addition, LaRosa was required to deposit $130,000 of the loan into an escrow account with a title insurance company, no part of which deposit was to be withdrawn without the consent of Equitable.

These were Equitable's pre-condition requirements for granting the construction loan on the LaRosa renovation project which are alleged to have been a scheme to impose "economic hardship" on LaRosa. Finally, it is alleged that the escrow agreement providing for the release of funds only upon consent of Equitable was a means to require LaRosa to absorb all of the partnership losses.

## II.

Section 10b and Rule 10b–5 do not contain any limitation of action provision. In a somewhat analogous situation, arising in the Seventh Circuit, it has been held that, when no federal provision governs, the timeliness of a federal action is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations, leaving, *inter alia,* the subsidiary question of which of Indiana's limitations provisions governs. *United Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–705, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966).

Indiana's six-year statute of limitations appears in Indiana Code § 34–1–2–1 [Burns § 2–601], and provides in relevant part: "Fourth. For relief against frauds."

Indiana's two-year statute of limitations in its Securities Regulation Act appears in Indiana Code § 23–2–1–19 [Burns § 25–873].[2]

This two-year statute was subsequently amended in 1975 by including "or purchaser" following "seller" and "or purchase" following "sale" and substituting "that person" for "the nonseller" in subsection (b). Thus, the purchaser was equated with the seller. Indiana Code § 23–2–1–19(b) [Burns § 25–873].

We first considered this precise question in *Parrent v. Midwest Rug Mills, Inc.,* 7 Cir., 455 F.2d 123 (1972). We were required to determine which of two Illinois limitations acts controlled, since there was no federal securities limitations act governing, and cited, *inter alia, United Auto Workers v. Hoosier Cardinal Corp., supra.* The Illinois five-year statute (Ill.Rev.Stat. ch. 83 § 16) covers actions for fraud. The three-year limitation of the Illinois Securities Law (Ill.Rev.Stat. ch. 121½ § 137.13 subsection D) applies to securities transactions.

2. Civil penalty.—(a) Any person who

\* \* \* \* \* \*

(b) Every person who directly or indirectly controls a seller liable under subsection (a), every partner, officer, or director of such a seller, every person occupying a similar status or performing similar functions, every employee of such a seller who materially aids in the sale, and every broker-dealer or agent who materially aids in the sale are also liable jointly and severally with and to the same extent as the seller, unless the nonseller who is so liable sustains the burden of proof that he did not know, and in exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist. There is contribution as in cases of contract among the several persons so liable.

\* \* \* \* \* \*

(e) Action under this section shall be commenced within two [2] years after discovery by the person bringing the action of a violation of this act [23–2–1–1—23–2–1–25], and not afterwards. \* \* \*

We there determined that we must choose "which of the two statutes best effectuates the federal policy at issue," and treated it as a case of first impression in this circuit. We considered the cases of *Charney v. Thomas,* 6 Cir., 372 F.2d 97 (1967) and *Vanderboom v. Sexton,* 8 Cir., 422 F.2d 1233 (1970). In effect, we distinguished *Charney* and adopted the "commonality of purpose" test in *Vanderboom.* We held that the Illinois Securities Law three-year limitation provision "best effectuates the policy" of protecting the "uninformed, the ignorant, the gullible," citing *Surowitz v. Hilton Hotels Corp.,* 7 Cir., 342 F.2d 596, 602 (1965). We further noted that the Illinois Securities Law had a similar purpose. *Parrent,* 455 F.2d at 126.

We found that the three-year limitation tends more toward an orderly development of the law, than reaching into a different Illinois Act for the appropriate limitation. We concluded that since the three-year Illinois limitation act so closely parallels 10b–5, the inference follows that the "three year limitation better effectuates the federal policy expressed in 10b–5," and we so held. *Parrent,* at 127.

A similar question of which Indiana statute of limitations applied in a Rule 10b–5 action was considered by District Judge S. Hugh Dillin[3] in *Birky v. Wildman, Neal & DeBolt, Inc.,* No. IP–68–C–358 (July 26, 1972). In a well-considered memorandum opinion, Judge Dillin followed the precedent established in *Parrent* and held that the two-year Indiana limitation found in the Indiana Securities Act applied as best effectuating federal policy, rather than the Indiana six-year limitation for fraud.

*Corey v. Bache & Co., Inc.,* D.C.W.Va., 355 F.Supp. 1123 (1973), analyzed the Indiana statutory limitations under consideration in an action against a broker brought by a customer in a situation concerning the churning of a customer's securities account. After considering the prior holdings in *Parrent, Birky* and *Vanderboom,* the court found and held that the Indiana two-year statute of limitations best effectuated the federal securities laws.

The recent case of *Green v. Karol,* Ind. App., 344 N.E.2d 106, is of interest. Plaintiff Green purchased $30,000 of securities issued by a Costa Rican corporation, Igenio la Garita, S.A., in early 1967. At the time of the transaction, these securities were not registered in Indiana pursuant to the Indiana Securities Law or under federal law. The action was filed in May 1972 against Karol who had actively encouraged plaintiff to purchase the securities in the latter part of 1966. Green alleged that Karol had violated federal and state securities law in regard to fraud, Rule 10b–5 and Indiana common law fraud. A jury trial was commenced on August 22, 1973. After plaintiff presented his evidence, the trial court granted defendant's motion for a directed verdict. Plaintiff appealed.

The Appellate Court of Indiana affirmed the action of the trial court because of the bar of the applicable statute of limitations. The court stated, with reference to Rule 10b–5: "In determining which statute to apply (the security or fraud statutes), these courts look to the statute that best effectuates the policy of protecting victims of securities fraud and overreaching and that most closely track the express limitation periods in the federal act." 344 N.E.2d at 113.

The *Green* court then applied the two-year Indiana Securities statute of limitations for Rule 10b–5, citing *Parrent, Vanderboom* and *Corey.* This state court holding follows the analysis of *Parrent* and thus brings it squarely in line with the federal policy of following the standard which "best effectuates federal policy."

LaRosa argues that none of the decisions cited by Equitable is dispositive of the issue of this case since the plaintiff in each of those cases was allegedly *a defrauded purchaser of securities* with a clear statutory right of action under the two-year statute of limitations, and that none of the cases involved, as does the instant case, *a defrauded seller of securities* who did not

---

3. United States District Judge for the Southern District of Indiana.

have such a statutory right. Hence, it is urged that the two-year statute is not applicable but that the six-year statute applies.

However, our tracking of the legislative history and the enactment and subsequent amendments of the Indiana Securities Act leaves us with a clear understanding that the limitations provision applies to *sellers of securities* as well as purchasers of the same. Specifically, in 1967 the original language of Burns § 25–873(h) precluded the implication of any private remedy for its violation. In 1967, the proscription clause was deleted, leaving in effect only the words: "The rights and remedies provided by this act are in addition to any other rights or remedies that may exist at law or in equity." This brought the act in harmony with the implication of a private remedy for a violation of § 10(b) and 10b–5. *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975).

The Court of Appeals of Indiana spoke directly to this question in *Hippensteel v. Karol,* 304 N.E.2d 796, 797, n.1, in holding that the Indiana Security Law applied to the sale of securities within the state. Judge Dillin, in his memorandum opinion in *Birky,* spoke in a like vein.

LaRosa cites *Morgan v. Koch,* 7 Cir., 419 F.2d 993 (1969), and *Corey v. Bache & Co., Inc.,* D.C.W.Va., 355 F.Supp. 1123 (1973). Our court in *Parrent* disregarded *Morgan v. Koch,* 455 F.2d 123, 125 n.4. *Corey,* hereinabove considered, can furnish no comfort to LaRosa.

Accordingly, we reject the contention of LaRosa that the Indiana two-year limitation statute does not apply to a defrauded *seller* of securities. We hold that the statute covers both buyers and sellers, as does the federal law. *See Blue Chip Stamps, supra.*

Consistent with the foregoing, we find and hold that the Indiana two-year statute of limitations best effectuates the federal policy and is applicable to the case at bar. We find it unnecessary to reach other questions raised on this appeal.

The judgment of the district court dismissing plaintiff's amended complaint is affirmed.

AFFIRMED.