614 F.Supp. 568 (1984)
Edward L. BRABHAM, et al., Plaintiffs,
v.
PATENTA N.V., a Netherlands Antillies limited liability company, et al., Defendants.
Civ. No. 83-1248-RE.
United States District Court, D. Oregon.
November 5, 1984.
F. Gordon Allen, Fred L. Kopatich, Allen & Yazbeck, Gary M. Berne, Judith L. Neustadter, Stoll & Stoll, P.C., Portland, Or., for plaintiffs.
Lois O. Rosenbaum, Joyce Ann Harpole, Stoel, Rives, Boley, Fraser & Wyse, Norman B. Kobin, Jan D. Sokol, Kobin & Meyer, P.C., Portland, Or., Terry E. Thompson, Murray Stakesby-Lewis, Diamond & Sylvester, Seattle, Wash., Frank Langfitt, Lindsay, Hart, Neil & Weigler, Portland, Or., John M. Brickman, Peirez Ackerman & Levine, Great Neck, N.Y., Joe D. Bailey, Landis, Aeibi, Bailey & Mercer, P.C., Michael I. Lilly, Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Larry Matasar, Hoffman, Matasar & Glaeser, Donald A. Greig, McClaskey & Greig, Portland, Or., for defendants.

OPINION
REDDEN, District Judge:
Defendants, Laventhol & Horwath and Harold A. First, move the court for an order dismissing Count II and portions of Count VI of plaintiffs' Second Amended Complaint for failure to state a claim upon which relief can be granted. Count II alleges a violation of § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q. The portions of Count VI defendants seek to have dismissed allege violations of Wash.Rev.Code §§ 21.20.020 and 21.20.030. Defendants also move the court for an order dismissing all claims asserted against defendants John Does. For the reasons set forth below I grant defendants' motion in its entirety.

DISCUSSION

I. Count VI and Claims Against John Does

Plaintiffs do not contest defendants' motion in regards to the portions of Count VI which allege violations of Wash.Rev.Code §§ 21.20.020 and 21.20.030. Likewise, plaintiffs do not contest defendants' motion to dismiss all claims asserted against defendants John Does. Accordingly, I will not consider these issues, and grant defendants' motion in regards to these claims.

II. Section 17(a) of the Securities Act of 1933

Defendants claim that no private right of action exists under § 17(a). Plaintiffs, on *569 the other hand, argue that the Ninth Circuit has determined that a private right of action exists under § 17(a) in Stephenson v. Calpine Conifers II, Ltd., 652 F.2d 808 (9th Cir.1981). I do not find the Stephenson case to be dispositive of the issue.
In Stephenson the Court, after raising the issue sua sponte, decided it with reference to dicta in Judge Friendly's concurrence in SEC v. Texas Gulf Sulphur, 401 F.2d 833 (2d Cir.1968), cert. denied, 394 U.S. 976, 89 S.Ct. 1454, 22 L.Ed.2d 756 (1969). The Court noted that Judge Friendly had remarked that "there [is] little practical point in denying the existence of a right under § 17 once it is established that an aggrieved buyer has a private action under § 10b of the 1934 Act." 652 F.2d at 815. The Court then stated that "[i]n light of the minimal differences between § 17(a) of the 1933 Act and § 10b of the 1934 Act, we think the reasoning of the Second Circuit is persuasive...." I find this reasoning to be faulty for three reasons.
First, the Court failed to take note of Judge Friendly's additional comments in which he indicated that he doubted that a private right of action was ever intended under § 17(a). 401 F.2d at 867. Second, the Court did not apply the judicially mandated test for determining when a private remedy should be implied, which was originally articulated in Cort v. Ash, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) and modified in Touche Ross & Co. v. Redington, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979), Transamerica Mortgage Advisors v. Lewis, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979) and California v. Sierra Club, 451 U.S. 287, 101 S.Ct. 1775, 68 L.Ed.2d 101 (1981). Third, the Court focused on the similarity of the language in § 17(a) of the 1933 Act and § 10(b) of the 1934 Act, without considering the differences in the substance and purpose of the two Acts.
The Supreme Court has developed a three part test for determining when a private right of action can be implied. To be considered are: 1) whether plaintiff is a member of a class for whose benefit the statute was enacted; 2) whether there is any indication of the legislature's intent to create a private remedy; and 3) whether inferring such a right would be in accordance with the overall legislative scheme. The Court has stated that the ultimate issue to be considered under this test is whether Congress intended to create a private cause of action. Touche Ross & Co. v. Redington, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979); California v. Sierra Club, 451 U.S. 287, 101 S.Ct. 1775, 68 L.Ed.2d 101 (1981).
Using this analysis, I look first to the language of the statute. Section 17(a) provides that:
It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly 
(1) to employ any device, scheme, or artifice to defraud, or
(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or
(3) to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser.
A reading of the statute clearly indicates that § 17(a) was not enacted for the special benefit of a succinct class of individuals but rather represents a "general censure of fraudulent practices...." Bruns v. Ledbetter, 583 F.Supp. 1050, [Current] Fed.Sec. L.Rptr. (CCH) ¶ 91,578 at 98,950 (S.D.Cal. 1984) citing Landry v. All American Assurance Co., 688 F.2d 381, 389 (5th Cir. 1982). Because § 17(a) was not enacted to protect or benefit a particular class of individuals, the first prong of the Cort test has not been met.
The statute itself gives no indication, either explicitly or implicitly, whether the legislature intended to create a private *570 cause of action. Plaintiffs argue that Congress' intent to create a private cause of action under § 17(a) is manifested by its failure to expressly negate such a remedy when it restructured the Act in 1975. Plaintiffs rely on an observation of the Court in Herman & MacLean v. Huddleston, 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983), that a judicially created private cause of action under § 10(b) had not been expressly negated by Congress in 1975, and therefore the Congress must have intended such a private remedy. This analogy to § 10(b) fails, however. As the Court noted in Herman & MacLean, id., in 1975 all but two District Courts had allowed a private remedy under § 10(b), and one had been overruled and the other was not followed by other courts in the District or Circuit. In contrast, § 17(a) did not enjoy such unanimity among the courts in 1975.
Some courts had implied a private cause of action under § 17(a), while others had not. Those allowing a private remedy included: Newman v. Prior, 518 F.2d 97 (4th Cir.1975); Schaefer v. First National Bank of Lincolnwood, 509 F.2d 1287 (7th Cir.1975) cert. denied, 425 U.S. 943, 96 S.Ct. 1682, 48 L.Ed.2d 186 (1976); MacAndrews & Forbes Co. v. American BarMag Corp., 339 F.Supp. 1401 (D.S.C.1972); Corey v. Bache & Co., 355 F.Supp. 1123 (S.D. W.Va.1973); Larson v. Tony's Investment's, Inc., 46 F.R.D. 612 (M.D.Ala.1969); Hecht v. Harris Upham & Co., 283 F.Supp. 417 (N.D.Cal.1968), modified, 430 F.2d 1202 (9th Cir.1970). Those denying a private remedy include: Dyer v. Eastern Trust and Banking Co., 336 F.Supp. 890 (D.Me.1971); Ferland v. Orange Groves of Florida, Inc., 377 F.Supp. 690 (M.D.Fla. 1974); Trussell v. United Underwriters, Ltd., 228 F.Supp. 757 (D.Colo.1964).
In addition to this basic disagreement, two courts had qualified the remedy, Dorfman v. First Boston Corp., 336 F.Supp. 1089 (E.D.Pa.1972), Greater Iowa Corp. v. McLendon, 378 F.Supp. 783 (8th Cir.1967), and the Second Circuit had declared the issue an open question. Globus v. Law Research Service, Inc., 418 F.2d 1276 (2d Cir.1969).
It can scarcely be said after a review of the case law in existence in 1975 that there was a "judicial construction" of an implied private cause of action under § 17(a). Thus, the second and most important element of the modified Cort test, legislative intent, has not been met.
The third element of the Cort test, whether inferring a private cause of action would be in accordance with the overall legislative scheme, has not been met. In the first instance the 1933 Act contains two express civil liability sections, §§ 11 and 12. A purchaser may bring a private action under these provisions only after adhering to certain procedural requirements[1] which do not apply to § 17(a). Thus the implication of a private cause of action under § 17(a) would frustrate the express procedural safeguards attached to §§ 11 and 12.
Plaintiffs argue that the creation of a private cause of action would not frustrate the overall legislative scheme and point to Herman & MacLean v. Huddleston, supra, as authority for this position. Plaintiffs reason that because the Court in that case held that overlapping remedies in the 1934 Act do not negate the implication of a private cause of action under § 10(b), such should be the case in § 17(a) actions. This argument is unpersuasive, however, as it fails to consider the basic differences between the two Acts (just as the Ninth Circuit failed to consider these differences in Stephenson).
First to be considered is the fact that the 1933 Act is a much narrower statute addressing only disclosure issues and fraud in the sale of securities, while the 1934 Act possesses an expansive panoply of remedies. See generally, L. Loss Securities Regulation 1784-85 (1961). Another important distinction between the Acts is the requirement of scienter as an essential element of a § 10(b) action, while negligence *571 will suffice under some portions of § 17(a). Ernst & Ernst v. Hochfelder, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976); Aaron v. SEC, 446 U.S. 680, 695-97, 100 S.Ct. 1945, 1954-56, 64 L.Ed.2d 611 (1980). Further, plaintiffs' reliance on Herman & MacLean v. Huddleston, supra, to support their contention of an implied private cause of action under § 17(a) is completely unwarranted in light of footnote 2 of that decision, which states: "[w]e have previously reserved decision on whether Section 17(a) [of the 1933 Act] affords a private remedy-(citation omitted), and we do so once again." Id. 103 S.Ct. at 685.
It is apparent that if the Cort three pronged analysis is employed, no private right of action can be implied under § 17(a). Moreover, the courts which have applied the test have uniformly held that no private cause of action exists under § 17(a). Landry v. All American Assurance Co., 688 F.2d 381 (5th Cir.1982); Sweeney v. Keystone Provident Life Insurance Co., 578 F.Supp. 31 (D.Mass.1983); Summer v. Land and Leisure, Inc., 571 F.Supp. 380 (S.D.Fla.1983); Kimmel v. Peterson, 565 F.Supp. 476 (E.D.Pa.1983); Gilman v. Shearson/American Express, Inc., 577 F.Supp. 492 (D.N.H.1983); Basile v. Merrill Lynch, Pierce, Fenner & Smith, 551 F.Supp. 580 (S.D.Ohio 1982); Keys v. Wolfe, 540 F.Supp. 1054 (N.D.Tex.1982); Hill v. Der, 521 F.Supp. 1370 (D.Del.1981); Ingram Industries Inc. v. Nowicki, 502 F.Supp. 1060 (E.D.Ky.1980). I note that two District Courts within the Ninth Circuit have adopted this position notwithstanding the Stephenson decision. Bruns v. Ledbetter, 583 F.Supp. 1050, [Current] Fed.Sec.L.Rptr. (CCH) ¶ 91,978 at 98,950 (S.D.Cal.1984) and Hudson v. Capital Management International, Inc., 565 F.Supp. 615 (N.D.Cal.1983).

CONCLUSION
To imply a private right of action under § 17(a) would frustrate the overall statutory scheme of the securities laws. It would allow plaintiffs to circumvent the more rigorous procedural requirements in §§ 11 and 12 of the 1933 Act, which expressly provide for private actions. Moreover, if an implied private right of action existed under § 17(a), plaintiffs would be excused from proving defendant's scienter as required under § 10(b) of the 1934 Act. Defendants' motion to dismiss Count II is granted. Additionally, the motion to dismiss portions of Count VI is granted, as well as the motion to dismiss the defendants John Does.
NOTES
[1] Sections 11 and 12 are subject to the statute of limitations in § 13 and the award of costs and attorney's fees in § 5. Neither of these sections apply to § 17(a).