**Gary L. BAKER, et al., Plaintiffs,**

v.

**EAGLE AIRCRAFT CO., an Idaho Corporation, et al., Defendants.**

**No. Civ 83–0475–BE.**

United States District Court,
D. Oregon.

Aug. 28, 1986.

Order Sept. 3, 1986.

N. Robert Stoll, Gary M. Berne, Stoll & Stoll, P.C., Portland, Or., for plaintiffs.

Richard M. Clinton, Guy P. Michelson, Bogle & Gates, Seattle, Wash., Rex Armstrong, Bogle & Gates, Portland, Or., for defendants Eagle.

# 1006

Don H. Marmaduke, Scott Seidman, Tonkon, Torp, Galen, Marmaduke & Booth, Portland, Or., for defendants Charter Inv. Group, Inc.

Donald J. Willis, James Finn, Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, Or., for defendants Black, Helterline, Beck & Rappleyea, and George Spencer.

BELLONI, District Judge.

The plaintiffs are twenty-five investors in a limited partnership known as Eagle Aircraft Leasing No. 1. The defendants include Eagle Aircraft Company, its principal, officers and directors, Eagle Leasing, Inc., the general partner, the investment firm which sold the offering, its salesmen and officers, the law firm which prepared the offering circular and the individual attorney responsible for the circular. The allegations include claims for violations of the Securities Act of 1933, the Securities Exchange Act of 1934 and the securities statutes of Oregon, Washington, Idaho and Nevada.

In December, 1984, Judge Burns held that no private right of action existed under § 17(a) of the 1933 Act and dismissed those claims as to the moving defendant. In July, 1986, Judge Solomon held that a private right of action under § 17(a) now exists in the Ninth Circuit. He denied summary judgment on the § 17(a) claims and ruled that the plaintiffs must prove scienter under both § 17(a) of the 1933 Act and § 10(b) of the 1934 Act. The plaintiffs have moved for reconsideration of both the dismissal and the ruling that § 17(a) requires proof of scienter. The defendants have moved for clarification of the earlier rulings. They seek dismissal of the § 17(a) claims as to all defendants.

## IMPLIED PRIVATE RIGHT OF ACTION

The first issue before me is whether an implied private right of action exists under § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q. Just as there have been conflicting rulings in this case, there are lines of cases both for and against an implied private right of action. The first line of cases is based upon the test established by the Supreme Court to determine whether an implied private right of action exists under a federal statute. *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975). The conflicting line of cases is based upon the reasoning of Judge Friendly in *SEC v. Texas Gulf Sulphur Co.,* 401 F.2d 833, 867 (2nd Cir.1968), *cert. denied,* 394 U.S. 976, 89 S.Ct. 1454, 22 L.Ed.2d 756 (1969) (Friendly, J., concurring).

The following factors were set forth in *Cort v. Ash:* (1) Is the plaintiff a member of the class for whose benefit the statute was enacted? (2) Was there legislative intent to create or deny a private remedy? (3) Is an implied private remedy consistent with the purposes of the legislative scheme? (4) Is the cause of action traditionally a matter of state law? 422 U.S. at 78, 95 S.Ct. at 2087. The first three factors examine legislative intent to create an implicit private right of action. Accordingly, cases decided after *Cort v. Ash* have focused specifically on the issue of legislative intent. *See Touche Ross v. Redington,* 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979). In *Touche Ross,* the Supreme Court declined to imply a private right of action under § 17(a) of the 1934 Act after finding no legislative intent to create one. *Id.* 442 U.S. at 576, 99 S.Ct. at 2489. *See also California v. Sierra Club,* 451 U.S. 287, 293, 101 S.Ct. 1775, 1778, 68 L.Ed.2d 101 (1981).

A statutory cause of action may be implied only if Congress intended to create such a remedy. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran,* 456 U.S. 353, 377, 102 S.Ct. 1825, 1838, 72 L.Ed.2d 182 (1982). Congressional intent is determined by statutory construction. The three factors to be examined are (1) the language of the statute, (2) its legislative history, and (3) its purpose. *Touche Ross,* 442 U.S. at 575–76, 99 S.Ct. at 2488–89, *citing Cort* at 422 U.S. 78, 95 S.Ct. at 2087. The courts which have applied these

factors have consistently held that no private cause of action exists under § 17(a).[1]

Section 17(a) generally prohibits fradulent practices; it benefits no identifiable class of plaintiffs. Only subsequent provisions allow equitable and criminal causes of action. *Landry v. All American Assurance Co.,* 688 F.2d 381, 389 (5th Cir.1982). Although §§ 11 and 12 expressly create private rights of action, § 17(a) is silent. The language of the statute suggests no § 17(a) private right of action.

The legislative history indicates no intention to create a private right of action under § 17(a). The only civil liabilities mentioned are those created by §§ 11 and 12. H.R.Rep. No. 85, 73d Cong., 1st Sess. 9–10 (1933). As the Supreme Court noted when considering whether a private right of action exists under § 17(a) of the 1934 Act, "when Congress wished to provide a private damages remedy, it knew how to do so and did so expressly." *Touche Ross,* 442 U.S. at 571–72, 99 S.Ct. at 2486–87.

The third *Cort* factor, whether an implied private remedy would be consistent with the purpose of the statute, is not satisfied. The 1933 Act expressly provides for civil liability under §§ 11 and 12 and express procedural safeguards attach to those provisions. The procedural safeguards do not apply to § 17(a). To infer a private remedy under § 17(a) would defeat the limitations imposed by Congress on §§ 11 and 12.

The analysis required by *Cort v. Ash* and *Touche Ross* leads to the conclusion that Congress intended to create no private right of action under § 17(a). However, the question of whether an implied private right of action exists arose before the Supreme Court announced the *Cort* test. In 1968, Judge Friendly recognized that Congress intended to impose no further civil liability than that provided by §§ 11 and 12. *SEC v. Texas Gulf Sulphur,* 401 F.2d at 867. He added that

> [o]nce it had been established, however, that an aggrieved buyer has a private action under § 10(b) of the 1934 Act, there seemed little practical point in denying the existence of such an action under § 17—with the important proviso that fraud, as distinct from mere negligence, must be alleged. To go further than this, as Professor Loss powerfully argues, would totally undermine the carefully framed limitations imposed on the buyer's right to recover granted by § 12(2) of the 1933 Act.

*Id.* at 867–68 (citations deleted). Presented with the issue of whether a private cause of action exists under § 17(a) of the 1933 Act, the Second Circuit quoted Judge Friendly's remark that there was little practical point in denying the existence of a private action under § 17. *Kirshner v. U.S.,* 603 F.2d 234, 241 (2nd Cir.1978).

In *Stephenson v. Calpine Conifers II, Ltd.* the Ninth Circuit followed *Kirshner. Stephenson,* 652 F.2d 808, 815 (9th Cir. 1981). The court stated that "we think the reasoning of the Second Circuit is persuasive and find that a private right of action exists under § 17(a)." *Id.* Some district courts have decided that this holding was dictum because the *Stephenson* court went beyond the scope of the questions presented.[2] The *Stephenson* panel treated the issue summarily and applied none of the analysis required by *Cort v. Ash,* 422 U.S. at 78, 95 S.Ct. at 2087. Nevertheless, subsequent cases have assumed that a private right of action exists. *Feldman v. Simkins Industries, Inc.,* 679

---

**1.** The cases include:
*SEC v. American Realty Trust,* 586 F.2d 1001, 1006 (4th Cir.1978).
*Landry v. All American Assurance Co.,* 688 F.2d 381, 387–91 (5th Cir.1982).
*Shull v. Dain, Kalman & Quail, Inc.,* 561 F.2d 152, 155 (8th Cir.1977), *cert. denied* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978).
*Brabham v. Patenta N.V.,* 614 F.Supp. 568, 569–71 (D.Or.1984).

*Bruns v. Ledbetter,* 583 F.Supp. 1050, 1053–54 (S.D.Cal.1984).
*In Re Diasonics Securities Litigation,* 599 F.Supp. 447 (N.D.Cal.1984).

**2.** See, for example, *Brabham v. Patenta N.V.,* 614 F.Supp. 568, 569 (D.Or.1984); *Bruns v. Ledbetter,* 583 F.Supp. 1050 (S.D.Cal.1984); *Riley v. Brazeau,* 612 F.Supp. 674 (D.Or.1985).

F.2d 1299, 1305 (9th Cir.1982); *Mosher v. Kane,* 784 F.2d 1385, 1390–91 n. 9 (9th Cir.1986).

To read *Stephenson* as creating a private right of action for all § 17(a) claims would drastically alter the current balance between the 1933 and 1934 Acts. *In re Diasonics Securities Litigation,* 599 F.Supp. 447, 461 (N.D.Cal.1984). Since the Supreme Court has held in *Aaron v. SEC* that there is no need to prove scienter under § 17(a)(2) or (a)(3), a broad reading of *Stephenson* would mean that a plaintiff can bring a private securities action without having to prove scienter. *Aaron v. SEC,* 446 U.S. 680, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1980). A plaintiff must prove scienter under § 10(b) of the 1934 Act. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 201, 96 S.Ct. 1375, 1384, 47 L.Ed.2d 668 (1976). Thus the effect of a broad reading of *Stephenson* combined with *Aaron* would be to undermine § 10(b). *In re Diasonics,* 599 F.Supp. at 461. Such a result is entirely without support in the legislative history. *Id.*

■ The only interpretation which avoids the result of undermining § 10(b) is to read *Stephenson* as finding a private right of action only where fraud is alleged under § 17(a)(1). This interpretation is consistent with the *Stephenson* panel's reliance upon both Judge Friendly's concurring opinion in *Texas Gulf Sulphur* and the reasoning of the Second Circuit in *Kirshner.*[3] 652 F.2d at 815. I conclude that *Stephenson* found an implied private right of action only where fraud is alleged under § 17(a)(1). *See Hudson v. Capital Management International, Inc.,* 565 F.Supp. 615, 627 (N.D.Cal.1983); *In re Diasonics,* 599 F.Supp. at 462.

### SCIENTER

Judge Solomon ruled that the plaintiffs must prove scienter for their § 17(a) claims. He relied upon *SEC v. Rogers,* 790 F.2d 1450 (9th Cir.1986). The plaintiffs urge that, in SEC proceedings, the Supreme Court has required proof of scienter only for § 17(a)(1). *Aaron,* 446 U.S. at 697, 100 S.Ct. at 1956. Since the only private right of action under § 17(a) exists where fraud is alleged under § 17(a)(1), the plaintiffs must prove scienter.

The Supreme Court has defined "scienter" as "intent to deceive, manipulate or defraud". *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 193, 96 S.Ct. 1375, 1380, 47 L.Ed.2d 668 (1976). This definition of scienter applies to a private cause of action under § 10(b) and Rule 10b–5. *Id.* Under the reasoning adopted by *Stephenson,* the same definition must apply to a private cause of action under § 17(a)(1). 652 F.2d at 815. To apply a different standard would be logically inconsistent with recognizing "the minimal differences between § 17(a) of the 1933 Act and § 10(b) of the 1934 Act". *Id.*

■ The Ninth Circuit has held that knowing or reckless conduct will satisfy the scienter requirement of § 10(b). *Nelson v. Serwold,* 576 F.2d 1332, 1337 (9th Cir.1978), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). The court concluded that *Ernst & Ernst* "only went so far as to eliminate negligence as a basis for liability". *Id.* Subsequently, the court defined recklessness as follows: "The defendants acted recklessly if they had reasonable grounds to believe material facts existed that were misstated or omitted, but nonetheless failed to obtain and disclose such facts although they could have done so without extraordinary effort." *Keirnan v. Homeland, Inc.,* 611 F.2d 785, 788 (9th Cir.1980). A person possesses the requisite scienter if the person deliberately misrepresents or omits information, or acts recklessly. *Burgess v. Premier Corp.,* 727 F.2d 826 (9th Cir.1984).

### CONCLUSION

■ An implied private right of action exists where, as here, fraud is alleged un-

---

**3.** Courts which infer a private right of action based upon Judge Friendly's reasoning must accept his important proviso that fraud be al-leged. An implied cause of action under § 17(a)(1) then adds nothing beyond the remedies intended by Congress.

der § 17(a)(1), but no private right of action exists under § 17(a)(2) or 17(a)(3). Accordingly, the plaintiffs' claims under subsections (2) and (3) must be dismissed. The plaintiffs must prove scienter under both § 17(a)(1) of the 1933 Act and § 10(b) of the 1934 Act. Knowing or reckless conduct will satisfy the scienter requirement.

### ORDER

The plaintiffs' motion for reconsideration and the defendants' motion for clarification are granted; I have now reconsidered the issues raised by both parties. In accordance with the opinion entered August 28, 1986, the defendants' motion to dismiss is denied as to plaintiffs' claims under § 17(a)(1) of the Securities Act of 1933 and granted as to the § 17(a)(2) and (a)(3) claims. The defendants' motion for directed verdict is denied without prejudice and may be renewed.

IT IS SO ORDERED.