**Dino A. IUS and Betty Ius, husband and wife, Plaintiffs,**

**v.**

**Norman BUTCHER; Butcher, Shook and Associates, P.C., an Oregon professional corporation; Omega Research & Development; Dennis J. Regan; D.J. Regan, Inc., a California corporation, dba "Omega High Technology Group;" Ion Fabrications, Inc., a California corporation, dba "Omega High Technology Group;" Derek Daniels; Cheryl Meyer, dba Kern Computer Consultants; Mariko Regan; Titan Investors Company, a foreign corporation; Ron James; James & Associates; William A. Green; Michael J. Ward; Stephen H. Meyer; Barry J. Butcher; and James L. Shook, Defendants.**

Civ. No. 87–152–FR.

United States District Court,
D. Oregon.

July 20, 1987.

Lawrence B. Hunt, Becker & Hunt, Portland, Or., for plaintiffs.

John R. Barker, Bittner & Barker, P.C., Portland, Or., for defendants Norman Butcher, Barry Butcher, James Shook, and Butcher, Shook and Associates, P.C.

Trish M. Brown, Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland, Or., for defendants Dennis Regan, Mariko Regan, Omega Research & Development, D.J. Regan, Inc., and Ion Fabrications, Inc.; William J. James, Graham & James, Los Angeles, Cal., of counsel.

## OPINION

FRYE, District Judge:

Defendants Dennis J. Regan, Mariko Regan, Omega Research and Development, D.J. Regan, Inc. and Ion Fabrications, Inc. (defendants) move the court, pursuant to Fed.R.Civ.P. 12(b), for an order dismissing the amended complaint on the grounds that 1) plaintiffs have failed to state a claim upon which relief can be granted; and 2) plaintiffs have not established personal jurisdiction over Dennis J. Regan, Mariko Regan, D.J. Regan, Inc. or Ion Fabrications, Inc.

In the alternative, defendants move the court, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the United States District Court for the Eastern District of California.

Plaintiffs bring this action for securities violations, fraud and negligence in connection with their contract with Omega Research and Development for the purchase of research and development services.

## FAILURE TO STATE A CLAIM

*Counts I and II*

■ Plaintiffs allege in Counts I and II violations of the Securities Act of 1933, 15 U.S.C. § 77a, et seq. In these claims, plaintiffs allege that "[d]efendants offered and sold, participated in or aided and abetted the offer in sales of securities to plaintiffs and to other investors." Defendants contend that under sections 12(1) and (2) of the Securities Act, liability based upon participation or upon aiding and abetting is unavailable. Plaintiffs concede that if these defendants were only secondarily liable as aiders and abettors to the illegal offerings and sales, no liability would exist. Plaintiffs contend, however, that liability rests on the defendants in their roles as offerors, sellers and participants.

The court finds that the defendants may be liable under sections 12(1) and (2) only if they played an active role in the sales transaction in question. *Ahern v. Gaussoin*, 611 F.Supp. 1465, 1486 (D.Or.1985).

Defendants next contend that plaintiffs' claims in Counts I and II are barred by the statute of limitations. Plaintiffs admit that any claim based upon the 1983 contract is barred by the applicable statute of limitations and acknowledge that their complaint is defective with respect to their claims based upon the 1984 and 1985 contracts. Plaintiffs state that they will allege the proper allegations in a second amended complaint.

■ Defendants next contend that Count II of plaintiffs' complaint should be dismissed because no private right of action exists under section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a). Plaintiffs' complaint does not state whether Count II is brought under section 17(a)(1) or (2) or (3). There is a private right of action under section 17(a)(1), but there is no private right of action under 17(a)(2) or (3). *Mosher v. Kane*, 784 F.2d 1385, 1390–91, n. 9 (9th Cir.1986); *Baker v. Eagle Aircraft Co.*, 642 F.Supp. 1005, 1008 (D.Or.1986). In a second amended complaint, plaintiffs must allege the legal basis for Count II.

*Counts II and III*

■ Defendants contend that plaintiffs have failed to meet the particularity requirements of Fed.R.Civ.P. 9(b) with regard to Counts II and III by failing to specify the times, dates, places and details of the alleged misrepresentations and by

failing to allege which defendants made which misrepresentations to whom.

Rule 9(b) standards require that a plaintiff allege with particularity the time, place and contents of false representations; the identity of the person making the misrepresentations; the specific role each defendant played; and whether the particular defendant is being sued as a principal or as an aider or abettor. *Riley v. Brazeau*, 612 F.Supp. 674, 677 (D.Or.1985). Plaintiffs have failed to meet the particularity requirements of Rule 9(b) with regard to Counts I and II.

*Counts IV and X*

■ Plaintiffs' fourth and tenth claims are Racketeer Influenced and Corrupt Organizations Act (RICO) claims based on 18 U.S.C. § 1962(c) and O.R.S. 166.715.

"A violation of § 1962(c), the section on which [plaintiffs] rel[y], requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). Plaintiffs must "allege each of these elements to state a claim." *Id.*[1]

■ Defendants assert that plaintiffs have failed to plead the existence of an enterprise and a racketeering activity. Plaintiffs maintain that they have plead the existence of an enterprise by pleading in paragraph 40 of their amended complaint that the moving defendants joined together with other defendants to promote and to sell the Omega product.

Defendants maintain that paragraph 40 only alleges an association and that there are no factual allegations that the various associates functioned as a continuing unit with some sort of structure for making decisions or that the enterprise had an existence separate and apart from the alleged scheme to market the Omega program.

In *United States v. Turkette*, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981), the Supreme Court set out three elements necessary to establish the existence of an enterprise: "(1) an ongoing enterprise; (2)

evidence that the various associates function as a continuing unit for a common purpose; and (3) an existence 'separate and apart from the pattern of activity in which it is engaged.'" *Schnitzer*, 633 F.Supp. at 97, *quoting United States v. Turkette*, 452 U.S. 576, 582–83, 101 S.Ct. 2524, 2528–29, 69 L.Ed.2d 246 (1981).

The enterprise and racketeering activity elements are not ordinarily separate and distinct; usually there is some interrelation between them. *Id.* at 98. The court finds that there is a sufficient pleading of an enterprise. As for the racketeering activity element, however, the court finds that plaintiffs have not met the particularity requirements of Rule 9. Leave to amend will be given.

*Counts V, VI, VII and X*

Defendants maintain that all state law claims should be dismissed if the federal claims are dismissed under the holding in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The court will likely dismiss the state claims if the federal claims are ultimately dismissed.

## JURISDICTION

■ Defendants assert that plaintiffs have not established personal jurisdiction over Dennis J. Regan, Mariko Regan, D.J. Regan, Inc., or Ion Fabrications, Inc.

Personal jurisdiction over a non-resident defendant depends upon two considerations: first, whether a statute of the forum state confers jurisdiction over the non-resident defendant, and second, whether the exercise of jurisdiction meets federal constitutional principles of due process. *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1477 (9th Cir.1986).

Or.R.Civ.P. 4L extends personal jurisdiction to the outer limits of the due process clause of the United States Constitution. Therefore, the court must determine whether the exercise of jurisdiction under the facts of this case comports with due process. Federal due process requires that

---

1. The Oregon RICO statute is interpreted consistent with the federal RICO statute. *Schnitzer v. Oppenheimer & Co., Inc.*, 633 F.Supp. 92, 99 (D.Or.1985).

defendants have certain "minimum contacts" with the State of Oregon "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington, Etc.*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The parties agree that the minimum contacts must be "continuous and systematic" or "substantial." *Id.*

Dennis Regan argues that his only contact with the State of Oregon has been by virtue of his acts as a fiduciary of a corporation and therefore he is immune from this court's jurisdiction. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 902 (2d Cir.1981). Plaintiffs point out that if the corporation here is found to be a mere shell for its owner, Regan's actions may be viewed as having been taken in his own interest and he is not immune from the exercise of this court's jurisdiction.

■ There is a presumption of corporate regularity which requires the party seeking to assert jurisdiction over an individual to come forward with substantial evidence that the corporation was really a dummy for the person sought to be held liable. *Pardo v. Wilson Line of Washington, Inc.*, 414 F.2d 1145 (D.C.Cir.1969).

■ Plaintiffs have not come forward with substantial evidence here. Defendants' motion to dismiss the complaint against Dennis Regan is granted. For the same reasons as set forth above, defendants' motion to dismiss the complaint against Mariko Regan is granted.

■ Plaintiffs allege that the court has personal jurisdiction over the corporation, D.J. Regan, Inc. (DJ) as a result of correspondence sent to plaintiffs by DJ. In order to assert general jurisdiction over a non-resident defendant, the defendant's activities within the forum state must be substantial or continuous and systematic. *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158. It appears from plaintiffs' amended complaint that DJ's contacts with the State of Oregon consist of two isolated incidents: one in August of 1986 when DJ wrote to plaintiffs concerning a problem which had arisen concerning plaintiffs' relationship with their general partners, and one in March, 1985 when a promissory note was executed listing DJ as a co-maker with Dennis Regan.

These two contacts do not constitute substantial or systematic and continuous connections with Oregon so as to establish general jurisdiction. If defendants' activities are not sufficient to establish general jurisdiction, specific jurisdiction still may be established if 1) the non-resident defendant does some act or consummates some transaction with the forum or performs some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; and 2) the claim is one which arises out of or results from the defendants' forum-related activities and 3) exercise of jurisdiction is reasonable. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280 (9th Cir. 1977).

DJ intentionally entered into an obligation which it knew would have an effect in Oregon. Thus, DJ purposely availed itself of the privilege of acting in Oregon. Paragraph 20 of the complaint states that the allegation of fraud relates to activities by plaintiffs both before and *after* plaintiffs invested. Thus, the two contacts by DJ in 1985 and 1986 (even though they occurred after the execution of the initial contracts) relate directly to activity alleged by plaintiffs to be part of the overall fraudulent activity of DJ. Consequently, the claims arise out of the forum-related activity of DJ.

*Ins. Co. of North America v. Marina Salina Cruz*, 649 F.2d 1266 (9th Cir.1981), lists several factors relevant in measuring the reasonableness of jurisdiction. Five of these factors are relevant here:

> (A) the extent of the purposeful interjection into the forum state ... (B) the burden on the defendant of defending in the forum ... (D) the forum state's interest in adjudicating the dispute ... (E) the most efficient judicial resolution of the controversy ... (F) the importance of the

forum to plaintiff's interest in convenient and effective relief ...

*Id.* at 1270.

DJ's purposeful interjection into the State of Oregon was a conscious effort on its part to participate in an activity which it knew would have consequences in Oregon. This activity, although limited in scope, was directly related to the cause of action which the plaintiffs seek to bring before the court. The burden on DJ to defend in Oregon is slight. California is not an inconveniently distant forum. Oregon has a strong interest in protecting its citizens from fraudulent activity by foreign entities. Since this court already has jurisdiction over Omega Research, Inc., it would be most efficient in resolving the dispute to adjudicate the claim against DJ in the District of Oregon.

The plaintiffs' interest in convenient and effective relief is strongly tied to the State of Oregon as the forum. Since Omega is already within the court's jurisdiction, it would be most convenient for plaintiffs to also litigate their claim against DJ in Oregon. It is reasonable for this court to exercise jurisdiction over DJ.

DJ's motion to dismiss for lack of personal jurisdiction is denied.

Ion Fabrications was also a co-maker on the promissory note executed in March, 1985. For the same reasons discussed above, defendants' motion to dismiss for lack of personal jurisdiction over D.J. Regan, Inc. is denied.

## CHANGE OF VENUE

In the alternative to dismissing this case, defendants move, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Eastern District of California. 28 U.S.C. § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

*Convenience of the Parties and Witnesses*

Defendants state that the majority of witnesses are located in California, and if this case was transferred to California, the witnesses would be "available for trial and the cost of their attendance would be insignificant." Defendants do not elaborate on what inconvenience would be caused for witnesses if the case was not transferred.

Plaintiffs do not address this issue.

*Interest of Justice*

The Supreme Court in *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), set out a number of factors relevant to the doctrine of forum non conveniens which have been used as factors to aid in determining whether the "interest of justice" requires transferring a case under section 1404(a). *Letter–Rite, Inc. v. Computer Talk, Inc.,* 605 F.Supp. 717, 719–21 (N.D.Ill.1985). These factors are:

1. the relative ease of access to sources of proof;

2. the amenability of unwilling witnesses to service of process;

3. the cost of attendance at trial of willing witnesses;

4. the relation of the community in which the courts and jurors are required to serve to the occurrence at issue in the litigation;

5. the accessibility of premises involved in the litigation;

6. the relative congestion of the court dockets and prospects for earlier trial; and

7. in a diversity case, the relative familiarity of the courts with the state law supplying the applicable rules of decision.

*Id.* at 720, n. 3.

Defendants assert that the primary evidence is in California; the research which is central to this case was completed in California; any judgment would have to be enforced in California; and the contracts are to be construed in accordance with the laws of the State of California.

Plaintiffs maintain that venue should remain in the District of Oregon because the

promissory notes are located in Oregon; the promotion and sale of the securities occurred in Oregon; defendants promoted and sold the contracts in Oregon; plaintiffs were not the only Oregon residents who purchased securities; and since defendants did business in Oregon, they should be required to litigate this case in Oregon.

Defendants have the burden of convincing the court that venue should be transferred. The court finds that defendants have not made a sufficient showing of inconvenience to the parties and witnesses, or that the interest of justice necessitates transferring this case to the Eastern District of California.

## CONCLUSION

Defendants' motion to dismiss Counts I, II, III, IV and X is granted. Plaintiffs are granted leave to replead.

Defendants' motion to dismiss the complaint against Dennis Regan and Mariko Regan is granted, and defendants' motion to dismiss the complaint against D.J. Regan, Inc. and Ion Fabrications is denied. Defendants' motion to transfer this case to the United States District Court for the Eastern District of California is denied.